■ BETTY S. HOEFLICH, Appellant, v CHEMICAL BANK, as Executor of MARVIN L. HOEFLICH, Deceased, Respondent.— Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered December 12, 1986, denying plaintiff-appellant Betty Sachs Hoeflich's motion for summary judgment against defendant-respondent Chemical Bank, as executor of the estate of Marvin L. Hoeflich, unanimously reversed, on the law, and plaintiff-appellant's motion for summary judgment is granted, without costs.

Plaintiff-appellant, Betty Hoeflich, and her late husband, Marvin Hoeflich, married in October 1971. They entered into a separation agreement in April 1973, which survived their divorce. The agreement provided that Mr. Hoeflich pay alimony to Mrs. Hoeflich for the remainder of her life or until she remarried. Mr. Hoeflich died on April 20, 1984 and the alimony payments ceased. Mrs. Hoeflich, who is still alive and has not remarried, claims the payments should continue. She commenced this action against defendant-respondent Chemical Bank as the executor of her former husband's estate. She sought summary judgment and assessment of damages. Chemical Bank opposed summary judgment so it could look into the circumstances surrounding the execution of the separation agreement.

Supreme Court denied Mrs. Hoeflich's motion for summary judgment. We reverse.

The Court of Appeals construed a nearly identical clause which provided for support payments until the wife died or

remarried. In that case, the court held that "without any qualifying or limiting language, [the clause] obligates the husband's estate to make the payments for the lifetime of the wife." *(Cohen v Cronin,* 39 NY2d 42, 46.) No such qualifying or limiting language exists in this agreement. On appeal, Chemical Bank merely states it wants to investigate the circumstances surrounding the agreement. It claims such circumstances might lead to a different interpretation of the agreement, and that the facts thereto are solely within the knowledge of Mrs. Hoeflich. However, "extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." *(Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379.)* The agreement is unambiguous. Mrs. Hoeflich's motion should be granted. Concur—Kupferman, J. P., Ross, Asch, Milonas and Ellerin, JJ.