OPINION OF THE COURT
Richard Lee Price J.,
This matter was scheduled for hearing on June 2nd and June 6th of 1988. On those dates all parties to this matter appeared before me.
By order of this court dated April 19, 1988 the People were directed to turn over transcripts of the Grand Jury minutes as expeditiously as possible. The minutes were not turned over until June 2, 1988, without the profferment of any mitigating circumstances for that delay.
On June 2 defendant’s counsel appeared together with a *65 witness. The People also appeared and without having notified any of the other parties to this matter, stated they would not be able to proceed since their police officers would not be available until June 6. At that point, the matter was adjourned until June 6. The office of the District Attorney was asked to call defense counsel if he would not be ready to do so and he implicitly agreed to do so.
On June 6, 1988, the defendant’s counsel again appeared with his witness. The People, having notified defendant’s counsel on Thursday that the hearing would be going forward, again failed to produce the police officers. The Assistant District Attorney in charge of this matter again failed to show any mitigating circumstances or to offer any substantive explanation for the failure of the officers to appear. At that point defendant’s counsel moved for sanctions.
The court rules in this Part (II j), which rules were given to both parties on February 18, 1988, provide for sanctions in the appropriate case. (The court notes that this rule is in the section titled motions. However, since this hearing is part of a motion, the court considers this rule applicable to a hearing directed as part of a decision on a motion.) Accordingly this court directs that the office of the Bronx District Attorney pay defendant’s counsel reasonable fees for the time spent on June 2nd and June 6th in this court. The District Attorney is further directed to recompense the witness for any work-related losses he has suffered due to his appearances on those days. The amounts to be paid shall be established by affidavits to be submitted by the witness and defense counsel. The amounts due shall be paid no later than 10 days after service upon the District Attorney of those affidavits together with a certified copy of this order.
A second basis for directing sanctions is the inherent powers of the court. While these powers have been largely circumscribed by Matter of A. G. Ship Maintenance Co. v Lezak (69 NY2d 1 [1986]), there appears to exist here the conditions left open by our Court of Appeals for imposing sanctions (supra, at 5, 6). We have a court rule, together with an apparent agreement and a reliance on that agreement. In circumstances like these it appears to me that the necessary prerequisites for imposing sanctions, pursuant to the limited inherent powers of the court left to us, have been satisfied.