■ RHODA S. NARINS et al., Appellants, v CHARLES DeBROVNER et al., Respondents. SOL ZEPNICK, Nonparty Appellant.— Order of the Supreme Court, New York County (William N. Ellison, J.), entered on or about October 14, 1987, which ordered the plaintiffs' attorney to pay the sum of $3,000 to the defendant New York University Medical Center, and denied the attorney's oral application for renewal and reconsidera-

tion thereof, unanimously reversed, on the law, the facts and in the exercise of discretion, and the imposition of costs vacated, without costs.

Plaintiff, a physician, and her husband, also a physician, sued two physicians and the defendant hospital for malpractice in that during the operation on the plaintiff for removal of an ovarian cyst, she was improperly sutured, which led to a disability and a second operation. Prior to jury selection, counsel met with Justice Michael Dontzin for pretrial discussion. Justice Dontzin advised that the case against the hospital should be discontinued before the trial commenced. There is a dispute as to whether Justice Dontzin meant before jury selection or before actual trial.

Although counsel maintains that he had a basis for the action against the hospital, other than the seeming attempt to have the hospital records available for the trial, he discontinued against the hospital after jury selection and the matter was settled against the physicians.

Counsel for the hospital requested the imposition of a penalty, contending that their appearance for jury selection resulted in legal costs of some $12,000 to their client. The Trial Justice assessed a fine of $3,000 against counsel for the plaintiffs.

The question of the court's inherent power to impose sanctions for frivolous litigation, as discussed in *Matter of A. G. Ship Maintenance Corp. v Lezak* (69 NY2d 1), aside, CPLR 8303-a provides for such an award in a medical malpractice action commenced or continued in bad faith.

As Judge George C. Pratt of the Second Circuit Court of Appeals has noted, we are in a new " 'Era of Sanctions' " *(Eastway Constr. Corp. v City of New York,* 821 F2d 121, 124 [dissenting]; *see also,* Joseph, *Rule 11 is Only the Beginning,* 74 ABA J 62-65 [May 1, 1988]).

In this matter, however, it cannot be said that the action of plaintiffs' counsel in delaying his discontinuance was taken "in bad faith, solely to delay or prolong the resolution of the litigation or to harass or maliciously injure" defendant hospital. (CPLR 8303-a [c] [i].) Nor can it definitively be said that the action was not "promptly discontinued" (CPLR 8303-a [c] [ii]).

Accordingly, we reverse and vacate the imposition of costs. Concur—Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.