BETTY S. HOEFLICH, Respondent, v CHEMICAL BANK, as Executor of MARVIN L. HOEFLICH, Deceased, Appellant.

First Department, January 12, 1989

**APPEARANCES OF COUNSEL**

*Donald E. Byrne* for appellant.

*Richard A. Kerner* for respondent.

OPINION OF THE COURT

KUPFERMAN, J. P.

The parties entered into a separation agreement in 1973, which expressly provided that it would survive their divorce and be forever binding upon the parties and their legal representatives. It required that the husband pay alimony of $125 a week for the rest of the wife's life or until she remarried.

At common law, the death of either the recipient or the obligor terminated prior court orders for alimony or maintenance as these are personal obligations. *(See, Cohen v Cronin,* 39 NY2d 42; *Wilson v Hinman,* 182 NY 408, 410; Freed and Brandes, *Law and the Family,* NYLJ, Nov. 29, 1988, at 3, cols 1-3, at 6, col 3.)* Without a clear provision making it binding on the husband's legal representative, the obligation for support would terminate upon the husband's death. *(Matter of Bardol,* 51 AD2d 341; *see,* 2 Foster-Freed, Law and the Family —New York § 28:61 ["Death of husband"].)

In the case at bar, we previously granted summary judgment to the wife and directed an assessment of damages. *(Hoeflich v Chemical Bank,* 131 AD2d 377.)

The husband's estate is being administered in the Surrogate's Court of Bergen County, New Jersey. Upon his death in April 1984, alimony payments ceased and are now admittedly due.

The trial court entered a judgment in the sum of $99,725.88, based on its conclusion that there was an anticipatory breach of the separation agreement, allowing acceleration of the future payments, citing *Long Is. R. R. Co. v Northville Indus. Corp.* (41 NY2d 455). The wife, having been born in 1920, had, at the time of trial, a life expectancy of some 17 years.

While there is a dispute as to the method of calculation of the lump sum, which represented the tax adjusted, discounted value of accumulated weekly payments during the wife's life expectancy, in our view, this need not be presently considered because the doctrine of anticipatory breach is not applicable. If the husband had survived and had failed to make payment, there would not have been a lump-sum requirement. His death, therefore, should not place the wife in a more favorable position. *(Bauchle v Bauchle,* 185 App Div 590.)

Nevertheless, a reserve fund should be established in order to ensure the future payments. *(Cf.,* SCPA 1804 [2].) Of course, the estate being administered in New Jersey, this New York Surrogate's Court Procedure Act section is only of general interest.

With the possibility of a lump-sum payment no longer in consideration, the tax aspect is changed and so, in determining the amount of the reserve, there will have to be a new approach to the question.

Accordingly, the judgment of the Supreme Court, New York County (Walter M. Schackman, J.), entered December 11, 1987, awarding the plaintiff $98,225 plus interest and costs, should be reversed, on the law, without costs, and the matter remanded for determination of the amount of the reserve fund to be established for future weekly payments.

SULLIVAN, KASSAL, ELLERIN and SMITH, JJ., concur.

Judgment, Supreme Court, New York County, entered on December 11, 1987, unanimously reversed, on the law, without costs and without disbursements, the judgment vacated, and the matter remanded for determination of the amount of the reserve fund to be established for future weekly payments.