■ In the Matter of LORENZO TRONI, Appellant. VOLNEY RESIDENCE, INC., Respondent.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered December 8, 1987, which denied, with prejudice, petitioner's motion to punish respondent for contempt and assessed $25 in costs and disbursements together with $250 in counsel fees, unani-

mously modified, on the law, to strike the assessment of counsel fees and otherwise affirmed, without costs.

Although the Court of Appeals has recently adopted new rules giving courts the discretion, in civil actions or proceedings, to award any party or attorney costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct on the part of an adversary (NYLJ, Oct. 26, 1988, at 7, cols 1-3), such rules (22 NYCRR parts 37, 130, 130-a) did not take effect until January 1, 1989. Thus, at the time of petitioner's contempt motion, there was neither a statute nor a court rule authorizing the imposition of sanctions for frivolous actions and, therefore, sanctions could not be imposed. *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 6; *cf., Narins v DeBrovner,* 141 AD2d 381, regarding the imposition of sanctions for frivolous claims in personal injury, property damage or wrongful death actions pursuant to CPLR 8303-a.) Concur—Kupferman, J. P., Ross, Rosenberger, Wallach and Smith, JJ.