■ BETTY S. HOEFLICH v CHEMICAL BANK.—The motion to vacate the order of this court, dated March 3, 1989, is denied, with costs, and an additional award of $500 is imposed as sanctions upon the defendant-appellant executor.

The only issue of consequence in this case was whether the estate of the late ex-husband should be subject to a lump-sum payment of the full amount of alimony, based upon the plaintiff ex-wife's life expectancy, or whether a reserve fund should be provided to pay the alimony that would come due in the future. (142 AD2d 374.)

Past-due amounts should have been paid. There are over 250 weekly installments, at $125 a week, that were due and the plaintiff ex-wife is 69 years old and waiting for her alimony.

The executor was recalcitrant in making the payment for the past-due amounts and it became necessary for the counsel for the plaintiff-respondent to submit an order directing such payment. Thereafter, the executor brought on this motion to vacate that order on the theory that it provided for an interlocutory judgment which could prevent a further appeal,

contending, in its proposed counterorder, that the matter should have been referred back to the trial court to enter an appropriate order.

The result of this errant and frivolous approach by the executor is to impose on the judicial system an unnecessary burden, and accordingly, pursuant to the administrative order of the Chief Administrative Judge, dated October 1988, adopting part 130 of the Uniform Rules for Trial Courts (22 NYCRR 130.1 *et seq.*), effective January 1, 1989, a sanction of $500 is imposed upon the executor. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.