OPINION OF THE COURT
Richard Lee Price, J.
Motion by the People seeking leave to renew and reargue the prior order of this court dated June 9, 1988 is granted and upon reargument and reconsideration the motion is disposed of as follows:
This motion was timely made by the People on the 7th of July 1988. It was originally returnable on July 20, 1988, a *1062 date on which this court was in recess for the judicial seminars. The motion therefore was not submitted to the court nor was it placed on any Part’s Calendar. Thereafter the motion languished until the People finally applied to have it calendared and it was finally calendared and submitted for determination shortly prior to the end of the year.
THE FACTS
The criminal action underlying this motion was originally set down for a hearing on June 2, 1988. On that date the People failed to produce their police witnesses; defense counsel, the unincarcerated defendant and an independent witness did appear and were ready to proceed. The matter was then adjourned to June 6, 1988 upon the express agreement that the prosecutor’s office would notify defendant’s counsel if the witnesses could not appear. Thereafter, on June 2nd, Assistant District Attorney Mathew McPherson called defendant’s counsel and informed him that his witnesses would be present and ready to proceed on Monday, June 6.
On June 6, the defendant, his attorney and his witness again appeared in this court. The People’s police witnesses again failed to appear. The Assistant District Attorney then present represented that he had "notified” the officers to be present in the court and had "confirmed” that notification on the prior Friday (June 3, 1988).[1]
Thereafter, this court by order dated June 9, 1988 (hereinafter the prior order) directed the People to pay defense counsel’s fees for the time spent in this court on June 2 and June 6, 1988 and to reimburse the defendant’s witness for any work-related losses he had suffered due to his having appeared in court on June 2 and June 6, 1988.[2] It is this order which is the subject of this motion.
This court had, in its prior order, identified two bases for directing the People to reimburse defense counsel and his witness for their monetary losses due to their reliance on the *1063 affirmative assurances of the prosecutor that his witnesses would appear and the hearing would proceed.
The first basis for the prior order was the rules of the Part. The People contend that since the rules of the Part did not specifically require the production of witnesses and warn of the consequences of the failure to produce them, this court cannot now make the order it did.
It is clear that these rules were meant as a flexible approach to cover most conceivable situations. No court is so wise that it can anticipate every possible contingency. The rules therefore were made flexible and general so as to give fair notice of what is required and of the consequences for failure to comply therewith.[3] In the opinion of this court, the *1064 People were adequately forewarned by the rules of this Part, which were previously provided to both sides, that an order of this nature might emanate under these circumstances.
They further contend that the rules of this Part may only restate the Uniform Rules for Courts Exercising Criminal Jurisdiction found in 22 NYCRR 200.1 et seq. and, by implication, no Individual Assignment Part may embellish upon those rules. Such contention overlooks the fact that the rules of this Part expand upon the Uniform Rules and were not intended to be a part thereof. The rules of this Part are tailored to the litigants who practice before it and are designed to encourage efficiency and accountability. Nothing contained in the Uniform Rules prohibit the individual Parts from promulgating additional rules of practice as long as those rules do not violate or contradict any provision of the Uniform Rules or other rules governing practice. The additional rules of this Part are written and distributed to all attorneys on the occasion of their first appearance in the Part.
The case cited by the People (Matter of Holtzman v Goldman, 71 NY2d 564 [1988]) is inapposite. In that instance the action by the court effectively ended an entire matter before it. It thus took upon itself a determination which is usually left to the discretion of the prosecutor (supra, at 574-575). In contrast here the court is merely regulating how attorneys *1065 will practice before this particular court and how best to insure that no party suffers due to acts of the attorneys, who are officers of the court.
The People’s next argument, that since they were not specifically directed to produce their witnesses, they are not responsible for any consequential damage due to their failure to appear is disingenuous, to say the least. In this instance there was no need to order such production since the People had already stated that they would have the witnesses in court for the hearing. Indeed, any order specifically directing the People to produce their witnesses would have been superfluous and unnecessary. That this is so is shown by the Assistant District Attorney in this matter having made a phone call to the defendant’s attorney assuring him that the witnesses would in fact be present and ready to proceed.
The second basis for ordering the prosecutor’s office to recompense defense counsel and his witness is the inherent powers of the court. The People contend in these papers that this court misapplied the law as set forth by the Court of Appeals in Matter of A. G. Ship Maintenance Corp. v Lezak (69 NY2d 1 [1986]) and its companion case Ltown Ltd. Partnership v Sire Plan (69 NY2d 670 [1986]). These cases, they contend, stand for the proposition that no attorney’s fees can be awarded absent a statute or court rule (promulgated by the Court of Appeals and/or Appellate Division) authorizing such awards. This court must disagree.
Lezak (supra) and Ltown (supra) are in my opinion but the latest Court of Appeals restatement of the so-called American rule under which each party bears the burden of its own attorney’s fees. A careful reading of Lezak reveals that it takes its major support from City of Buffalo v Clement Co. (28 NY2d 241 [1971]) which in turn was based in a large part on Matter of Low (208 NY 25 [1913]) and Matter of City of Brooklyn (148 NY 107 [1895]). The significance of these cases is that the attorneys’ fees sought were for the entire matter then before the court. In contrast, what this court is directing here is merely reimbursement for certain losses and expenditures incurred solely by the proper reliance of one of the parties upon the representations and promises of the other. This court has been offended and outraged by the abusive and discourteous conduct often exhibited by attorneys who behave as though they are not accountable to the court, the adversary or its witnesses. Thus, Lezak and that line of cases are *1066 inapposite to this matter since they are addressing a factual situation which is very different from that before this court.
I note that certain Second Department cases (Foxfire Enters. v Enterprise Holding Corp., 140 AD2d 581 [1988]; Guma v Guma, 132 AD2d 645 [1987]; Claybourne v City of New York, 128 AD2d 667 [1987]), although not cited by the People, appear to support the position of the District Attorney, in that they appear to hold that even limited awards of attorneys’ fees awarded strictly to recompense parties for discrete instances of egregious behavior by attorneys and/or parties are proscribed by Lezak (supra) and Ltown (supra). However, the only recent First Department case found by this court that appears to speak to this matter[4] (Narins v DeBrovner, 141 AD2d 381 [1988]) seems to contain language hinting that in limited circumstances it might be able to approve the award of certain moneys. Therefore this court does not feel that the Second Department cases are controlling in this instance.
There does not appear to be a question but that the court does have inherent powers, the limits of which are undefined but which appear to include the power to redress situations such as the one here (see, Gabrelian v Gabrelian, 108 AD2d 445 [2d Dept 1985], appeal dismissed 66 NY2d 741 [1985]; also see, Narins v DeBrovner, supra; cf., Matter of A. G. Ship Maintenance Corp. v Lezak, supra, at 6). Inextricably intertwined with the doctrine of the inherent power of the court is, in this court’s opinion, the role and powers of our court as a common-law court (NY Const, art VI, §6) with its unquestioned power to fill in lacunae in the law, in the proper circumstances.
While the Legislature and the Chief Judge do have the power to regulate court practices (NY Const, art VI, § 30; Judiciary Law § 211), there is no prohibition on the exercise of that power by this court absent a court rule or statute to the contrary. Similarly, the Uniform Rules, although not applicable in this instance, now expressly authorize the imposition of monetary sanctions against any party in a criminal proceeding who unjustifiably fails to appear at a scheduled court conference (22 NYCRR 130-a.l). The clear intention in authorizing monetary sanctions under those circumstances was to prevent wasteful appearances by one side who is faced with an *1067 unprepared or absent adversary; the concomitant abuse of the court’s time and resources is obvious. In addition, the Uniform Rules expressly provide for "the imposition of such sanctions as are authorized by law” when a party fails to comply with the court’s direction regarding the timetable set for the various events of the litigation to occur (22 NYCRR 200.12).
It is axiomatic that the common law is not a fixed body of rules but rather is a means of adapting to new and changing circumstances and that it changes as time and circumstances change (Matter of State Tax Commn. v Shor, 43 NY2d 151 [1977]; Woods v Lancet, 303 NY 349 [1951]; Oppenheim v Kridel, 236 NY 156 [1923]; MacPherson v Buick Motor Co., 217 NY 382 [1916]). Further, the common law never suffers an injury without providing a remedy. That there is no direct precedent does not preclude the remedy (Bennett v Bennett, 116 NY 584, 590-591 [1889]).
The District Attorney in this instance forced the defendant, his attorney and an independent witness to appear unnecessarily in this court on two separate occasions.
This defendant, his witness and his attorney have been harmed by the actions of the Bronx District Attorney’s Office. Based upon the inherent powers of the court and its common-law jurisdiction, I find that the procedures set for establishing monetary awards previously directed herein are proper. Accordingly, upon reargument and reconsideration the prior order of this court is adhered to.

. It appears that the "confirmation” was merely a call to the officers’ command by the Assistant District Attorney. It does not appear that there was any direct communication or any attempt at direct communication between the officers who were to appear and the assistant in charge of this matter.

. I note that these are denominated as sanctions in the prior order. They are, in actuality, reimbursements for losses incurred directly by the People’s actions.

.
"BRONX COUNTY : SUPREME COURT "CRIMINAL TERM : PART 47 "JUSTICE RICHARD LEE PRICE
"Commencing January 6, 1986, and pursuant to the Uniform Rules for the New York State Trial Courts, Part 200, et. seq., the following regulations shall govern procedures and actions before this Court.
"Calendars must be answered by attorneys with full knowledge of the facts and of the case with authority to discuss, dispose and/or try.
"I. ADJOURNMENTS
"a) No trial, conference or motion may be adjourned except by the Court.
"b) No telephone application for adjournment will be considered.
"c) Whenever counsel seeks adjournment based on actual engagement elsewhere, such adjournment shall be granted in accordance with the Uniform Rules for the Engagements of Counsel, Part 125.
"II. MOTIONS
"Counsel is on notice that all pre-trial motions, as defined by CPL § 255.10, must conform to the following standards in order that they may be considered by this Court. The failure to conform to these standards will be considered a sufficient ground for peremptory rejection of any submitted papers.
"a) All papers filed must comply with the form set forth in the Uniform Rules, Section 200.3.
"b) Only clearly legible motion papers will be accepted.
"c) Boiler plate and/or copies of motions will not be accepted as a substitute for originals.
"d) All motion papers, except for exhibits, must be signed and dated.
"e) Motion papers shall be filed within the prescribed statutory time period of 45 days [CPL 255.20], Moving and opposing papers shall be served within the time prescribed by CPLR § 2214 and filed with proof of service, no later than two days preceding the return date. Rule 2214 of the CPLR will be strictly enforced. When opposition papers are not timely served and filed, the motion shall be considered as one submitted on default to the Court for determination.
"0 A motion to suppress physical evidence will be summarily denied *1064 unless the papers allege a ground constituting a legal basis for the motion and include sworn allegations of fact supporting the ground or grounds alleged [CPL 710.60 (3)].
"g) Motions for, and/or oral applications pertaining to, Grand Jury proceedings or the legal sufficiency of the charge to the Grand Jury must be accompanied by copies of the indictment or the Grand Jury minutes supplied by the defense counsel and District Attorney, respectively. The failure to timely serve copies of the minutes or indictments upon the Court will be sufficient cause for either granting the motion if the minutes are not served, or denying motion if a copy of the indictment is not served.
"h) A motion for Discovery and/or a Bill of Particulars must articulate on its face only those materials currently sought and previously refused. It must also include copies of the original demand and the date the original demand was served. The motion will be summarily denied and counsel may subject themselves to sanctions if such motions are made earlier than two weeks after service of the original demand or demands. An affirmation in opposition to such a motion or motions should also address only the specific disputed material.
"i) The Court will not entertain any correspondence pertaining to motions that have been submitted.
"j) The failure to comply with these rules may, in the proper circumstances, result in counsel being subjected to appropriate sanctions which may include counsel’s being declared in contempt of this Court.”

. I note that neither party has cited any law relevant to the issue of monetary awards other than Matter of A. G. Ship Maintenance Corp. v Lezak (69 NY2d 1) and Ltown Ltd. Partnership v Sire Plan (69 NY2d 670).