■ In the Matter of ROBERT L. SCHULZ, Appellant, v WASHINGTON COUNTY et al., Respondents. GREENWICH CITIZENS COMMITTEE, INC., et al., Appellants, v COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents.—Kane, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered June 22, 1989 in Washington County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion to dismiss the counterclaim in case No. 59240, and (2) from an order of said court, entered June 22, 1989 in Washington County, which denied plaintiffs' motions to dismiss the counterclaims and to disqualify defendants' counsel in case No. 59467.

Defendants and respondents* in these appeals include the Counties of Warren and Washington and their Industrial Development Agency, which have proposed and approved the operation of a joint trash-burning plant (hereinafter the project) to be located in the Village of Hudson Falls, Washington County. Since 1984, the environmental impact of the project has been the subject of extensive review, public scrutiny and frequent litigation. By 1988 changes had taken place in the project, which included changes made by the project's developer, Adirondack Resource Recovery Associates (hereinafter ARRA), and the withdrawal of Essex County from the project which resulted in the subsequent unavailability of its landfill where the project planned certain waste disposal.

The changes prompted petitioner to seek relief in February 1989 by way of a CPLR article 78 proceeding to enjoin the continuation of the project and declare that the project violated State environmental regulations. Plaintiffs, who are

---

* Case No. 59240 is a CPLR article 78 proceeding and the parties thereto will be referred to as petitioner and respondents. Case No. 59467 is a declaratory judgment action and the parties thereto will be referred to as plaintiffs and defendants.

various organizations and individual residents of Washington and Warren Counties, commenced an action, also in February 1989, similarly seeking, *inter alia,* a judgment declaring the project in violation of State environmental regulations. In addition, the action sought declarations that the contracts for the projects were null and void and the project's financing was improper.

The answers by defendants and respondents included affirmative defenses and counterclaims seeking damages against plaintiffs and petitioner for commencing a frivolous action and proceeding. Defendants also brought counterclaims against plaintiffs alleging prima facie tort and tortious interference with a contract. Plaintiffs and petitioner answered and moved for orders dismissing the counterclaims, with plaintiffs also moving for an order disqualifying defendants' special counsel.

Supreme Court ordered joint trials without consolidation and denied both the motions to dismiss the counterclaims and plaintiffs' motion to disqualify defendants' counsel. Plaintiffs and petitioner now appeal the denial of their motions.

Petitioner contends that Supreme Court erroneously denied his motion to dismiss respondents' counterclaim for frivolous conduct and we agree. Initially, we note that respondents' counterclaim, inasmuch as it apparently seeks damages, does so improperly by way of sanctions for frivolous conduct pursuant to 22 NYCRR subpart 130-1. To the extent that 22 NYCRR subpart 130-1 allows for sanctions to be imposed for frivolous conduct, they are payable, in the court's discretion, only to "the Clients' Security Fund" or the "clerk of the court for transmittal to the State Commissioner of Taxation and Finance" (22 NYCRR 130-1.3); therefore, if sanctions, as opposed to costs, are awarded, they would not go to respondents.

Turning to the merits, we find that petitioner's commencement of the proceeding herein does not rise to the level of frivolous conduct. To be so found, the proceeding must be, *inter alia,* "completely without merit in law or fact" (22 NYCRR 130-1.1 [c] [1]) or commenced to "harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). In our view, petitioner's concern over the change in the project's landfill site alone sufficiently lends factual and legal plausibility to the proceeding such that the commencement thereof is not "completely without merit" (22 NYCRR 130-1.1 [c] [1]) to the point of frivolous conduct. Furthermore, respondents have failed to aver any proof that petitioner commenced the proceeding in an effort to "harass or maliciously injure another"

(22 NYCRR 130-1.1 [c] [2]). Accordingly, Supreme Court should have dismissed the counterclaim against petitioner.

Plaintiffs contend, *inter alia,* that defendants' counterclaims should be dismissed for failure to sufficiently state causes of action. We turn first to defendants' counterclaim which seeks damages by way of both costs and sanctions for frivolous conduct pursuant to 22 NYCRR subpart 130-1. We find, as we did with petitioner, that plaintiffs in this instance have instituted a sufficiently plausible lawsuit, based on, *inter alia,* changes in the project that may or may not require further environmental review, such that their actions cannot be construed as frivolous conduct as envisioned by 22 NYCRR subpart 130-1. Conduct that is frivolous in that it is "completely without merit" cannot include the commencement of an action based on initially viable legal and factual premises regardless of whether that action is unlikely to succeed. Furthermore, defendants have also failed to set forth facts sufficient to show intent by plaintiffs to harass or maliciously injure defendants through commencement of this lawsuit. An acrimonious feeling between the parties regarding the project does not, by itself, support a finding of frivolous conduct. Accordingly, the counterclaim seeking costs and sanctions for frivolous conduct must be dismissed.

Defendants' counterclaim alleging prima facie tort should also be dismissed. To sufficiently plead a cause of action for prima facie tort, defendants must allege facts showing (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, and (4) by an act which would otherwise be lawful *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332). "There can be no cause of action for prima facie tort unless malevolence is the sole motive for a defendant's otherwise lawful act" *(Smukler v 12 Lofts Realty,* 156 AD2d 161, 162-163). Significantly, defendant must act from " '*disinterested* malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333, quoting *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358 [emphasis supplied]). Under the circumstances presented here, defendants have failed to sufficiently allege plaintiffs' "disinterested malevolence" to withstand a motion to dismiss. Nor are their conclusory allegations sufficient to plead that plaintiffs' actions were without any excuse or justification under these circumstances *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303). To this end, Supreme Court erred in denying the motion to dismiss said counterclaim.

We likewise find error in Supreme Court's denial of plaintiffs' motion to dismiss defendants' counterclaim for tortious interference with a contract. The elements of that cause of action are the existence of a valid contract and damages caused by the wrongdoer's knowledge of and intentional interference with that contract without reasonable justification *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190). Although defendants allege that "plaintiffs have intentionally and improperly interfered with the performance of the contractual obligations of the parties necessary to the sale of the [project's] bonds", their counterclaim fails to plead any facts showing the existence of contracts creating those obligations or specific parties who were actually induced into breach thereof by plaintiffs' action. Accordingly, that counterclaim should have been dismissed.

Finally, we address that part of Supreme Court's order denying plaintiffs' motion to disqualify defendants' counsel, the basis for which is counsel's representation of ARRA, the project's developer. Recognizing the importance of a party's choice of attorney, and upon review of plaintiffs' purely speculative allegations of potentially conflicting interests, we find no reason at this time to justify disqualification of defendants' counsel.

Order in case No. 59240 reversed, on the law, without costs, motion granted and counterclaim dismissed.

Order in case No. 59467 modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion to dismiss defendants' counterclaims; motion granted and counterclaims dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Harvey, JJ., concur.