■ BARRY ESANNASON, an Infant, by His Mother and Natural Guardian, VALERIE BOWERS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 27, 1989, which, *inter alia,* denied defendant New York City Housing Authority's motion for counsel fees and sanctions pursuant to CPLR 8303-a and section 130-1.1 of the Uniform Rules for Trial Courts (22 NYCRR 130-1.1), unanimously affirmed, without costs.

Plaintiff's counsel has advanced a reasonable theory upon which suit was commenced against the defendant Housing Authority, despite being presented with the deed evidencing the fact that the playground where the infant plaintiff was injured had been conveyed by the New York City Housing Authority to the City of New York in 1952. The city denied the claim and stated that it was the Housing Authority that should be served. Thus, there is no basis upon which to impose counsel fees and/or sanctions upon the plaintiffs or their attorneys pursuant to CPLR 8303-a or section 130-1.1 of the Uniform Rules for Trial Courts. *(See,* CPLR 8303-a [c]; 22 NYCRR 130-1.1 [c]; *see also, Narins v DeBrovner,* 141 AD2d 381; *compare, Hoeflich v Chemical Bank,* 149 AD2d 341, in which sanctions were imposed.) Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.