■ BERNARD GERSTEIN et al., Appellants, v I TRAVEL INC. et al., Respondents.—Order, Supreme Court, New York County (Charles Ramos, J.), entered July 11, 1990, denying plaintiffs' motion to, *inter alia,* vacate default, unanimously modified, to the extent of directing that plaintiffs' counsel pay $4,000 in sanctions for frivolous conduct to the Clients' Security Fund, remand for a hearing for the imposition of attorney costs for actual expenses reasonably incurred, and otherwise affirmed, with costs.

The IAS court properly denied plaintiffs' motion for vacatur of default as movants failed to establish a reasonable excuse for the default. Moreover, the imposition of sanctions, in the sum of $4,000, to be paid by plaintiffs' counsel was appropriate in light of counsel's repeated pattern of "frivolous" conduct as defined by Rules of Chief Administrator of Courts (22 NYCRR) § 130-1.1 (c) (2). Plaintiffs' counsel, on several occasions, served motion papers on defense counsel, prompting such counsel to file opposition papers only to learn that no papers had ever been filed with the court. At the time that defendants sought imposition of sanctions and costs on November 8, 1989, 22 NYCRR part 130-a authorized the imposition of such award which did not exceed $10,000. *(See,* 22 NYCRR 130-1.2; *Matter of Troni [Volney Residence],* 147 AD2d 394, 395.) The payment of "sanctions" however, should have been deposited with the Clients' Security Fund (22 NYCRR 130-1.3; *Matter of Schultz v Washington County,* 157 AD2d 948, 949), rather than defendants-respondents' counsel. Since the facts herein additionally support the imposition of costs on plaintiffs' counsel to be paid to defendants' counsel (22 NYCRR 130-1.2), a hearing on the matter should be held. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.