OPINION OF THE COURT
Alfred Donati, Jr., J.
On September 24, 1991, defendant was arrested and charged *312 with grand larceny in the fourth degree, Penal Law § 155.30 (1); criminal possession of stolen property in the third degree, Penal Law § 165.50; criminal possession of stolen property in the fourth degree, Penal Law § 165.45 (5) and criminal trespass in the third degree, Penal Law § 140.10 (a). Defendant was arraigned on these charges on September 25, 1991 and pleaded not guilty to all charges against him. Subsequently, on February 5, 1992, the charges against defendant were reduced to the charge of petit larceny, Penal Law § 155.25, a class A misdemeanor. Defendant pleaded guilty to this charge on February 5, 1992 and was sentenced to a definite imprisonment term of one year.
Defendant now moves pro se to set aside his sentence pursuant to CPL 440.20, arguing that his sentence should be set aside because the trial court failed to stipulate on the record that said sentence was to run concurrent with defendant’s parole violation. A sentence may be set aside pursuant to CPL 440.20 when the court finds that a sentence "was unauthorized, illegally imposed or otherwise invalid as a matter of law.” (CPL 440.20 [1].) Defendant further argues that he was denied effective assistance of counsel.[1]
The minutes of the defendant’s sentencing on February 5, 1991 record the following:
"mr. Goldman: Can we approach for a second. I think we would have a disposition. I just have an inquiry.
"the court: Even if he’s on parole?
"mr. Goldman: That’s what I want to inquire.
"the court: I’m not making any concurrent recommendation, if that’s the question. I don’t know anything about the parole situation. If there is a sentence here, I’ll make no recommendation either way. If they do it, it’s up to them.
"mr. Goldman: That’s precisely what I was going to confirm with the Court.
"I believe there is an offer of an A misdemeanor and one year * * *
"mr. Goldman: Yes, Your Honor, I just note that I had an opportunity to consult with Mr. Vonwerne on the matter, as *313 well as the Assistant District Attorney who is in the audience. I’m just advising him, again, so there is no misunderstanding, that he does have, in fact, a parole violation that is pending, and I can’t guarantee that the time he gets on that will run concurrent with the remaining time on that matter.
"With that in mind, he authorized me to withdraw his previous plea of not guilty and enter a plea of guilty to 155.25, a class A misdemeanor in full satisfaction of the docket before the Court.
"the court: Mr. Vonwerne, have you had enough time to talk to your lawyer about this plea?
"mr. vonwerne: Yes.
"the court: You heard what both People [sic] said about your parole status. We have no way of controlling that. It may be that all of this time will be consecutive to your other time.
"You’re asking your lawyer to enter this plea; do you understand that?
"mr. vonwerne: Yes, sir * * *
"the court: Has anybody pressured you to get you to plead guilty?
"mr. vonwerne: No, sir.”
As the record indicates, there was a comprehensive discussion of defendant’s parole status in open court. Defendant was advised by this attorney and by the court that there was no guarantee that his sentence would run concurrent with a parole sentence. In fact, the court in this case clearly stated that, "I’m not making any concurrent recommendation” and stated to the defendant: "You heard what both People [sic] said about your parole status. We have no way of controlling that. It may be that all of this time will be consecutive to your other time. You’re asking your lawyer to enter this plea; do you understand that?”
To the above question, Mr. Vonwerne responded: "Yes, sir.”
The record shows that Mr. Vonwerne was not pressured to take his plea or coerced in any way, and the record is entirely clear that Mr. Vonwerne’s plea to the charge against him was with full knowledge of its possible consequences due to his parole status. In a case such as this where the record is so explicit and clear and where the court has expended considerable time to assure that Mr. Vonwerne was aware of his plea and its consequences the court is of the opinion that it was incumbent upon defendant Vonwerne to make a CPL article *314 440 application in good faith, based at least upon some recollection of the record in this case, and defendant is not relieved of that obligation by reason of the fact that the application is made pro se.[2] Rather, defendant submitted a "boilerplate” motion to this court. Under such circumstances the court need not review such motion in depth and could have declined to do so under the law. (CPL 440.30 [4] [b].) However, in the interest of justice, the stenographic minutes of defendant’s sentencing proceeding were ordered and this opinion was decided based upon an evaluation of these stenographic minutes and upon the entire record before the court.
While the court believes defendants’ assertion of their rights should not be discouraged, when defendants, such as here, submit boilerplate article 440 motions bereft of evidentiary facts, which ultimately prove groundless, such motions thereafter only serve to tempt overburdened courts to not look beyond defendant’s assertions and to summarily deny them. Thus, such frivolous motions not only exploit the judicial system and waste judicial resources, but they also result in making it more difficult for other defendants (in this case inmates) with legitimate claims to get a full and fair opportunity to be heard. Sanctions for a defendant’s frivolous motion appear appropriate in cases such as this.
The potential authority for such sanctions, 22 NYCRR subpart 130-2, unlike subpart 130-1, its counterpart, which sanctions frivolous conduct in civil litigation, does not specifically authorize sanctions for frivolous criminal court litigation.[3] However, since neither subpart 130-1 nor subpart 130-2 proscribe sanctions for frivolous criminal court litigation, the possibility for imposing such sanctions remains an open issue. (See, McLaughlin, Financial Sanctions In Criminal Cases For Failure To Appear, Procedure Manual For Judges, Crim Ct of City of NY, Appendix G-1 [Jan. 1992];[4] see also, People v Rosemond, NYLJ, Aug. 4, 1992, at 22, col 3 [Sup Ct, NY *315 County] [where defendant, through defense counsel, filed a "frivolous” section 440.20 motion and the court highlighted concerns on this subject by referring to counsel’s ethical responsibilities to refrain from filing motions without basis in law or fact].)
However, here, where defendant has proceeded pro se, and in the absence of explicit authority to impose sanctions in cases such as this, this court declines to impose such sanctions as might be within the court’s power as indicated by Justice McLaughlin’s memorandum (op. cit.).[5] Nevertheless, the court recommends to the New York State Legislature that it enact legislation to provide explicit authority for the imposition of sanctions upon attorneys and defendants in appropriate cases in Criminal Court practice, particularly in matters where the attorney or defendant, such as the defendant here, engages in blatantly frivolous litigation.[6] Further, to implement such legislation fairly, it should also provide a mechanism for notice of its provisions to include notice to potential pro se defendants (e.g., through responsible agencies such as the Prisoners’ Rights Project of The Legal Aid Society), to enable these defendants, as well as others concerned, to effectively use the court system in the interest of justice and to assist in this endeavor to limit wasteful use of the court’s time and resources with frivolous matters.
As detailed above, this court finds no grounds pursuant to CPL 440.20 to support defendant’s contention that his sentence was unauthorized, illegally imposed or otherwise invalid as a matter of law. Further, the court finds defendant’s ineffective assistance of counsel claim (see, CPL 440.10 [1] [h]) to be equally frivolous, conclusory, without appropriate supporting papers and refuted by the record. (CPL 440.30 [4] [a]; People v Van Gordon, 112 AD2d 618 [3d Dept 1985].) Accordingly, defendant’s section 440.20 motion and his section 440.10 motion are denied.
*316 The court further denies defendant’s motion for a hearing on this matter in that defendant has not raised an issue of fact to merit a hearing and the record presently before this court is unambiguous concerning the issues raised by defendant in his moving papers and clearly refutes each of defendant’s assertions. (CPL 440.30 [4] [d]; People v Gonzalez, 158 AD2d 615 [2d Dept 1990]; People v Deacon, NYLJ, Aug. 4, 1992, at 24, col 5 [Sup Ct, Kings County]; cf., People v Reed, 152 AD2d 491 [where the court remanded for a hearing on a section 440.10 motion based upon defendant’s motion which contained specific allegations concerning his attorney’s ineffective assistance and where the People consented to such hearing on appeal].)

. The proper statutory authority for making an ineffectiveness of counsel motion is CPL 440.10 (1) (h). The court will treat defendant’s ineffectiveness of counsel claim under this statute, which states in pertinent part that the court may vacate a judgment when "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.”

. In addition, a defendant is not precluded from ordering court minutes in an in pauperis application.

. 22 NYCRR subpart 130-2 prescribes financial sanctions for an attorney’s unjustified failure to attend a scheduled court appearance in a criminal case or in a proceeding in Family Court.

. Justice McLaughlin cites authority for the court’s inherent power to impose financial sanctions "on lawyers and parties for violation of the orders of the court or for impeding the orderly disposition of a court’s calendar.” (McLaughlin v Henke, 130 Misc 2d 1091, 1092 [Sup Ct, Queens County 1986]; see also, People v Lacen, 140 Misc 2d 64 [Sup Ct, Bronx County 1988]; People v I. L., 143 Misc 2d 1061 [Sup Ct, Bronx County 1989].)

. To the extent that defendant’s motion is construed as frivolous motion practice not necessarily impeding the orderly disposition of the court’s calendar, the most practicable and effective means for establishing appropriate standards is pursuant to plenary rule. (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1 [1986].)

. Since most incarcerated defendants would be unable to pay court-imposed fines due to indigence or financial hardship, clearly the Legislature should study the problem discussed herein and fashion an appropriate provision that would deter frivolous litigation from pro se defendants such as the defendant in this case.