■ FRANCES LEVENTRITT, Appellant, v CAROLYN ECKSTEIN et al., Respondents. LEVENTRITT LEWITTES & BENDER, Nonparty Appellant. ANNE D. OWEN, Respondent, v 520 EAST 86TH STREET, INC., et al., Defendants. FRANCES LEVENTRITT et al., **Nonparty Appellants. (And Three Other Actions.)** [615 NYS2d 2] **—Order, Supreme Court, New York County (Myriam Alt-** man, J.), entered January 4, 1994, *inter alia,* denying plaintiff Leventritt's motion for recusal and imposing sanctions of $10,000 each against plaintiff Leventritt and her attorneys to be paid to respondents' counsel, unanimously modified to the extent of directing that plaintiff Leventritt's as counsel pay $10,000 in sanctions for frivolous conduct to the Lawyers' Fund for Client Protection of the State of New York, and that plaintiff pay $10,000 in sanctions to the clerk of the court, and otherwise affirmed without costs.

Order of the same court (Walter Schackman, J.), entered January 25, 1994, denying Leventritt's motion to attend all conferences in the Owen action unanimously affirmed, without costs.

The IAS Court did not abuse her discretion by declining to recuse herself from this longstanding dispute between neighbors in an Eastside cooperative building. *(Corsini v Corsini,* 199 AD2d 103.)* The record reveals the court had fully disclosed to all parties her personal/social relationship with respondents' counsel earlier on. Plaintiff-appellant Leventritt, however, waited nearly four years after the latest disclosure and some two years after successfully obtaining an order dismissing her as a party defendant in a related action *(Owen v 520 E. 86th St.,* Sup Ct, NY County, index No. 3738/89) before moving for recusal and intervention. Thus, any conversations which the court engaged in with the remaining parties in the *Owen* action over the course of the subsequent years, without the presence of Leventritt or her counsel did not constitute *ex parte* communications by the court.

Furthermore, the IAS Court (Schackman, J.) did not act improperly in, *inter alia,* declining to grant Leventritt's second request to be allowed to attend any and all conferences involving the *Owen* litigants in the *Owen* action as the original court's ruling on the matter constituted the "law of the

case" and was thus final and binding on the parties and all other Judges of coordinate jurisdiction *(Smyczynski v Genesis Mktg. Group,* 185 AD2d 658). Moreover, no new evidence has come to light since the initial ruling to warrant a departure from the prior determination *(Holloway v Cha Cha Laundry,* 97 AD2d 385).

Finally, the IAS Court properly imposed monetary sanctions of $10,000 each upon plaintiff and her counsel since they abused their positions and privileges by instituting the underlying vexatious litigation seeking recusal and intervention. The $10,000 sanctions were appropriate in light of the repeated pattern of frivolous conduct within the meaning of 22 NYCRR 130-1.1. Nevertheless, we modify to direct payment of the sanctions by Leventritt's counsel, in the amount of $10,000, to the Lawyers' Fund for Client Protection of the State of New York (formerly the Clients' Security Fund) *(Patterson v Balaquiot,* 188 AD2d 275; *Gerstein v I Travel,* 169 AD2d 492; *see,* State Finance Law § 97-t), and by Leventritt, a non-attorney, in the amount of $10,000, to the clerk of the court for transmittal to the State Commissioner of Taxation and Finance *(Nowak v Walden,* 187 AD2d 418; *Matter of Schulz v Washington County,* 157 AD2d 948; *see,* 22 NYCRR 130-1.3).

The unpublished decision and order of this Court entered herein on June 30, 1994 is hereby recalled and vacated. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.