■ In the Matter of BRIAN D. PREMO, Petitioner, v THOMAS A. BRESLIN, as Judge of the County Court of Albany County, Respondent. [645 NYS2d 153] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from imposing a sanction on petitioner pursuant to 22 NYCRR part 130.

Oral Harris, a defendant in a criminal action, was indicted on June 16, 1995 on five counts charging various sex offenses in connection with the alleged rape and sodomy of a 14-year-old girl. Harris was represented by prior counsel until said counsel was discharged and, on October 19, 1995, the law firm of Mackrell, Rowlands, Premo and Pierro, P. C. was retained by Harris and substituted as his attorney. Petitioner is a member of the firm.

On October 30, 1995, at approximately 9:00 A.M., respondent's secretary notified petitioner's secretary by phone that pretrial

---

hearings in the case were scheduled for Thursday, November 2, 1995 at 1:00 P.M. Petitioner did not contact County Court to seek an adjournment of the scheduled hearings until the afternoon of November 1, 1995. Petitioner attended the hearing, announced on the record that he was prepared to go forward but "would like to make [a] record of some of the facts so my client fully understands where we stand". Petitioner then explained that he had been engaged with other matters outside the office, in Federal court and in perfecting an appeal to the Third Department, so that prior to "today I was unavailable to my client to prepare for the hearing". Respondent then asked petitioner when he made the court aware of this fact. Petitioner explained that he was out of his office and misunderstood what his secretary had told him. He believed his secretary had told respondent's secretary that petitioner was involved in a civil case and would not be available for the hearings and that respondent's secretary would inform respondent and call back "and confirm whether the hearing was scheduled or not". Petitioner further informed respondent that, "In any event I unfortunately have not had the opportunity to talk at length with Mr. Harris about the scope of the hearing and about whether he would testify at the hearing and so forth. I am, however, prepared."

Respondent then remarked, "You are telling me you are not ready to proceed today then. Fine. Tell me why I shouldn't sanction you." Petitioner explained that he was unavailable and that he understood that County Court was supposed to confirm the hearing schedule with petitioner's office.

Respondent concluded the colloquy on November 2, 1995 by adjourning the case because of petitioner's failure to be prepared and imposed a $250 sanction against petitioner. In an order signed November 3, 1995 and entered November 6, 1995, respondent recited, *inter alia*, that the matter had come on for a suppression hearing, that petitioner appeared but indicated on the record that he was not prepared to go forward "and as such the hearing must be adjourned". The order also recited that petitioner "had full opportunity to explain his situation for his unpreparedness".

Petitioner commenced the instant CPLR article 78 proceeding seeking a writ of prohibition reversing and annulling respondent's imposition of sanctions for allegedly appearing unprepared, claiming that respondent's action was arbitrary, capricious and an abuse of discretion. A remittal is required. Respondent had authority to impose sanctions but improperly failed to state why the unpreparedness was without good cause (*see*, 22 NYCRR 130-2.2).

Petitioner's argument that this Court should grant the extraordinary remedy of prohibition because 22 NYCRR 130-2.1 does not confer authority upon respondent to issue sanctions upon an attorney for lack of preparation is without merit. In our view, 22 NYCRR 130-2.1 (a) contemplates that an attorney be physically present and prepared to proceed with the hearing as scheduled. This is clear when we consider the language of 22 NYCRR 130-2.1 (b) (4) providing that, in determining good cause and the sanction to be imposed, a court must consider whether substitute counsel appeared to proffer an explanation and "whether such substitute counsel was prepared to go forward with the case". This language indicates that the purpose of the rule is to insure that the attorney appear and be prepared to go forward. Thus, the rule in question conferred authority upon respondent to issue sanctions. The rule would be meaningless if the attorney was merely required to be physically present but not prepared and ready to proceed (*see, e.g., People v I. L.*, 143 Misc 2d 1061, 1066-1067).

The record also contains sufficient evidence to permit respondent to find that petitioner was unprepared to go forward with the suppression hearing based on petitioner's own words in open court. However, neither respondent's written order nor the transcript of the proceedings indicate that respondent considered whether petitioner's lack of preparation was without good cause (*see*, 22 NYCRR 130-2.1 [b]; 130-2.2). The order should be reversed and the matter remitted to respondent to comply with the requirements of the rules in this regard (*see, Martino v Martino*, 194 AD2d 591, 592; *see also, McCue v McCue*, 225 AD2d 975, 979).

Yesawich Jr. and Peters, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. Absent statutory or regulatory authority, respondent was unauthorized to act as he did (*see, Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 6) and, in our view, 22 NYCRR 130-2.1 clearly and unambiguously does not confer authority upon respondent to sanction an attorney for unpreparedness. The cited rule speaks specifically to the imposition of sanctions upon an attorney who "fails to appear at a time and place scheduled" (22 NYCRR 130-2.1 [a]) and provides a laundry list of factors to be considered by the court in determining whether an attorney's "failure to appear" is without good cause (*see*, 22 NYCRR 130-2.1 [b]).

We readily concede that an attorney who appears unprepared at a trial or proceeding, as a consequence of which he or she does not proceed therewith, imposes precisely the same

burden upon the court and opposing counsel as one who does not appear at all. Even assuming that, under those circumstances, such unpreparedness is the functional equivalent of nonappearance (*cf.*, *People v I. L.*, 143 Misc 2d 1061, 1066-1067), we need not consider that proposition in the context of the facts presented here. The record reveals that petitioner appeared on the appointed date and unequivocally advised respondent that he was prepared to proceed. He further advised, however, that due to other engagements, he had not been able to discuss at length with his client the scope of the hearing in order to determine whether his client should testify. Based upon those assertions, respondent determined that petitioner was not prepared and imposed sanctions.

Respondent's determination, made without the benefit of a statute or rule establishing appropriate standards, demonstrates the problems envisioned by the Court of Appeals with such ad hoc determinations (*see*, *Matter of A. G. Ship Maintenance Corp. v Lezak*, *supra*, at 6). In the face of petitioner's assertion that he was prepared to proceed, respondent nevertheless determined that petitioner was not prepared or, more to the point, that in respondent's opinion petitioner was not prepared properly or sufficiently prepared. Without denigrating respondent's determination, were we to approve such ad hoc decision making, we would subject practitioners to the varying judgments of our diverse trial bench as to whether a particular attorney, in the singular opinion of a particular Judge, was sufficiently prepared so as to avoid monetary sanctions. We cannot subscribe to such a principle and would, therefore, grant the petition.

Mercure, J., concurs. Adjudged that the petition is partially granted, on the law, without costs, to the extent that the matter is remitted to respondent for further proceedings not inconsistent with this Court's decision.