■ In the Matter of the Estate of JOHN RICONDA, Deceased. JOHN R. RICONDA et al., Respondents; JUDY G. RICONDA, Appellant. [654 NYS2d 786] —In a proceeding pursuant to SCPA 1809 to determine the validity of a claim against the estate of John Riconda, Judy G. Riconda appeals from a decree of the Surrogate's Court, Suffolk County (Prudenti, S.), entered April 24, 1996, which, upon the denial of her motion for summary judgment and the granting of the petitioner's cross motion for summary judgment, granted the petition and dismissed the claim.

Ordered that the decree is reversed, on the law, with costs payable by the estate, the petitioner's cross motion for summary judgment is denied, the claimant's motion for summary judgment is granted, the petition is denied, and the claim is allowed.

The claim is by the former wife of the decedent for maintenance payments allegedly due under a separation agreement which was incorporated but not merged into a judgment of divorce. The separation agreement provided that the "husband's obligation to pay maintenance shall continue until the death or remarriage of the wife". Furthermore, the agreement provided that it "shall be binding upon the heirs, legal representatives and assigns of both parties herein". Both these provisions manifest a clear intention by the decedent to make maintenance payments survive his death and become an obligation of his estate (*see, Matter of Davis,* 32 AD2d 667; *see also, Hoeflich v Chemical Bank,* 131 AD2d 377). Thus, the Surrogate erred in looking to the separation agreement as a whole to determine the intent of the parties (*see generally, Cohen v Cronin,* 39 NY2d 42). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.