OPINION OF THE COURT
Per Curiam.
Petitioner instituted this special proceeding seeking an order adjudging respondent in contempt of court. On respondent’s motion Special Term dismissed the petition. In his answering papers, however, respondent had requested costs, disbursements and attorneys’ fees alleging that petitioner had instituted the proceeding in bad faith in an attempt to harass and intimidate him. Special Term denied him this relief and the Appellate Division affirmed. In denying the application, neither court indicated whether it did so because it believed the court lacked power to grant the requested relief or because, though the relief was available, it believed such relief was undeserved. The matter is now before us by our leave so that we may consider a matter which has drawn increasing attention from the courts, whether a court may, in the absence of legislation authorizing it to do so, impose a sanction upon an attorney or litigant appearing before it who asserts frivolous claims or pursues frivolous pretrial procedures.
*3 Respondent is an attorney employed by the Waterfront Commission of New York Harbor, a body charged with the responsibility of eliminating racketeering and other corrupt and criminal activities on the New York and New Jersey waterfronts of the harbor. Petitioner is a stevedoring corporation licensed by the Commission. One of the conditions for maintaining a stevedoring license is that those operating the company possess good character. In 1976 the Commission instituted proceedings against petitioner, its officers and directors, and its affiliated companies charging that they lacked good character because petitioner had allegedly billed customers for stevedoring services not actually performed. After several months of proceedings, petitioner admitted various charges and paid a fine of $130,000. Respondent represented the Commission in that matter and petitioner claims that during the proceedings respondent falsely represented to the Administrative Law Judge, in violation of Judiciary Law § 487, that -he did not possess any exculpatory Brady material and also that he wrongfully withheld such material from petitioner (see, Brady v Maryland, 373 US 83). Its claim was based upon information developed at a hearing on unrelated charges against one of petitioner’s employees filed in 1979. Petitioner demanded that the Commission bar respondent from any further proceedings involving petitioner or its affiliates. The Commission denied petitioner’s request but it offered to reopen the hearing to consider petitioner’s claim that Brady material had been withheld. Petitioner did not accept the invitation but, instead, it filed a complaint with the Disciplinary Committee of the First Department in 1980 charging respondent with professional misconduct. After investigating the complaint, the Committee decided not to file charges.
In 1984 respondent, acting on behalf of the Commission, instituted an investigation against A.G. Container Repair Co., a joint venture partner of petitioner, to determine if it was involved in Federal tax violations and, on the basis of information developed during that investigation, respondent issued a subpoena duces tecum to Worldwide Management Consultants, Inc., another related company, seeking to examine its books and records in an effort to determine if Worldwide was used by A.G. Container Repair as a means to understate its income.
Following these events, petitioner instituted three separate *4 proceedings: the present contempt proceeding, pursuant to Judiciary Law § 753 et seq., charging respondent with falsely representing to the Administrative Law Judge during the now closed 1976 proceedings that he lacked exculpatory Brady material and in failing to turn over Brady material pursuant to the court’s directions; an article 78 proceeding in which it sought to bar the Commission’s counsel from representing respondent in the contempt proceeding claiming that in doing so he was beyond the authority of the Commission; and a second article 78 proceeding, filed after the court had ruled against it on the prior article 78 proceeding, claiming that the Commission’s representation of respondent violated various disciplinary rules contained in the Judiciary Law. In response to the contempt petition, respondent alleged that petitioner had instituted the proceedings in bad faith and he sought an adjudication of his claim and an award of disbursements and attorneys’ fees as damages or sanction. Supreme Court dismissed all three proceedings and denied respondent the requested relief. Petitioner subsequently appealed these orders to the Appellate Division but abandoned the appeals before they were heard. On respondent’s cross appeals the Appellate Division affirmed the order denying his claim for damages.
For purposes of this appeal, we accept respondent’s contention that petitioner instituted these proceedings without any legal or factual justification and that the courts below would be warranted in granting him attorneys’ fees and disbursements if they had the power to do so. Moreover, we recognize that frivolous court proceedings present a growing problem which must be deterred. Indeed, the problem is larger than the difficulties highlighted by the facts of this case, extending beyond the institution of vexatious litigation or the assertion of meritless defenses or counterclaims and including baseless procedures pursued to gain tactical advantage in a lawsuit or to exhaust an opponent. Such practices not only injure and debilitate the honest litigant, but they also waste judicial resources. Existing remedies for such conduct, such as disciplinary proceedings for attorneys, contempt or possibly criminal proceedings if perjury is involved, or seeking redress in a separate action for damages on theories of malicious prosecution or abuse of process have not proved effective to deter frivolous litigation in the past. Thus, the assessment of attorneys’ fees and disbursements has become the single most important device suggested to deter such misconduct (see generally, Goodhart, Costs, 38 Yale LJ 849, 872-874 [1929]; *5 McCormick, Counsel Fees and Other Expenses of Litigation as an Element of Damages, 15 Minn L Rev 619 [1931]; Van Patten and Willard, Limits of Advocacy: A Proposal for a Tort of Malicious Defense in Civil Litigation, 35 Hastings LJ 891, 921-936 [1984]; Comment, Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis, 88 Yale LJ 1218 [1979]). We are asked to approve such awards either as a sanction authorized under the exercise of the court’s inherent powers or to create a new remedy or cause of action which may be asserted within the action itself to provide a prompt remedy to an aggrieved party.
Under the general rule, attorneys’ fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule (see, City of Buffalo v Clement Co., 28 NY2d 241, 262-263; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22). The rule is based upon the high priority accorded free access to the courts and a desire to avoid placing barriers in the way of those desiring judicial redress of wrongs. The preferred remedy for deterring malicious or vexatious litigation has been the use of separate, plenary actions after the challenged proceedings have concluded (see, Curiano v Suozzi, 63 NY2d 113; Hauser v Bartow, 273 NY 370; Wiener v Wiener, 84 AD2d 814, 815; Prosser and Keaton, Torts §§ 119, 120, at 874-875, 892 [5th ed]).
Notwithstanding this general rule, the parties have addressed themselves largely to the facts of this case, assuming from several recent decisions, which respondent asks us to approve, that the courts may elect to exercise their inherent powers to award attorneys’ fees and disbursements as a sanction for frivolous litigation (see, Ltown Ltd. Partnership v Sire Plan, 108 AD2d 435, mod 69 NY2d 670; Gabrelian v Gabrelian, 108 AD2d 445, appeal dismissed 66 NY2d 741; Oppenheim & Macnow v Worth, 109 AD2d 602; Matter of Photosound, Inc. v Gourdine, 126 Misc 2d 495, mod 118 AD2d 472).
Under the State Constitution the authority to regulate practice and procedure in the courts is delegated primarily to the Legislature (NY Const, art VI, § 30). There are some matters which are not subject to legislative control because they deal with the inherent nature of the judicial function (see, e.g., Riglander v Star Co., 98 App Div 101, affd 181 NY 531). Generally, however, the Legislature has the power to *6 prescribe rules of practice governing court proceedings, and any rules the courts adopt must be consistent with existing legislation and may be subsequently abrogated by statute (Cohn v Borchard Affiliations, 25 NY2d 237). In addition, court rules must be adopted in accordance with procedures prescribed by the Constitution and statute (NY Const, art VI, § 30; Judiciary Law § 211 [1] [b]).
The Legislature has not been indifferent to the problems suggested by this case. In 1985 it adopted CPLR 8303-a authorizing the imposition of attorneys’ fees and costs not exceeding $10,000 against parties asserting frivolous medical malpractice claims and, in 1986, as part of the Governor’s program to reduce insurance costs, the Legislature expanded the scope of that section by amending it to authorize such sanctions in all personal injury litigation (L 1986, ch 220; see also, Minutes of Office of Court Administration’s Advisory Committee on Civil Practice, at 6-7 [May 16, 1986]). It has not addressed the problem generally, however.. Thus because frivolous litigation is so serious a problem affecting the proper administration of justice, the courts may proscribe such conduct and impose sanctions in this exercise of their rule-making powers, in the absence of legislation to the contrary (see, NY Const, art VI, § 30; Judiciary Law § 211 [1] [b]).
It is not necessary to determine whether the power of the courts to impose sanctions for frivolous proceedings is inherent to the judicial function or is merely delegable by the Legislature under our Constitution. The fact is that the most practicable means for establishing appropriate standards and procedures which will provide an effective tool for dealing with this problem is by plenary rule rather than by ad hoc judicial decisions.
Thus in the case now before us sanctions cannot be imposed because at the time the petitioner instituted the proceeding, there was neither a statute nor a court rule authorizing the imposition of sanctions for frivolous actions.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, *7 Alexander and Hancock, Jr., concur in Per Curiam opinion; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.