■ LYNN M. HAMER, Appellant, v LEON CHESSMAN, Respondent.—Order, Supreme Court, New York County (Edith Miller, J.), entered June 16, 1986, which dismissed plaintiff's complaint for failure to state a cause of action, awarded counsel fees in the sum of $1,500 to be paid to defendant's attorney in equal shares by plaintiff and plaintiff's counsel, and denied plaintiff's cross motion to disqualify defendant's attorney as moot, unanimously modified, on the law, to vacate the award of counsel fees, and otherwise affirmed, without costs.

In a related matrimonial action, plaintiff Lynn Martin Hamer sought certain discovery from Leon Chessman. Chessman is the accountant for Trimaty Productions, Inc., a corporation in which plaintiff and her husband are each 50% shareholders. The notice to take the deposition of Chessman, a nonparty to the action, and to require him to produce certain books and records, was defective, and was timely rejected by the defendant in the matrimonial action. Instead of taking the proper steps to obtain Chessman's deposition and production of the books and records, Lynn Martin Hamer commenced this independent action against Chessman for breach of his fiduciary duty as *plaintiff's* accountant and for conspiracy with her husband and her lawyer to impede the matrimonial action, and sought punitive damages of $500,000.

The trial court granted defendant's motion to dismiss the complaint for failure to state a cause of action. The court held that since Chessman only rendered accounting services to the corporation, he owed no fiduciary duty to the plaintiff individually and she possessed no independent right to compel the production of the business records. As to the conspiracy claim, it was found that the plaintiff had failed to set forth any specific facts indicating any unlawful acts engaged in by the parties, and, also, had failed to designate the other alleged conspirators as parties to the action.

Upon the grant of the motion, defendant's attorney was awarded counsel fees in the sum of $1,500, the court finding that the claims asserted in this action were "frivolous at best and vexatious at worst" and plaintiff's attorney was chided for failing to exercise reasonable inquiry into the facts and the law before filing a complaint not predicated on any factual or legal theory.

The award of counsel fees based on these grounds is unauthorized and must be vacated. The Court of Appeals has recently made clear that a court may not award attorney's fees and disbursements as a sanction for frivolous litigation, absent the existence of a specific statute or court rule authorizing the award. *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1.)

There being no such relevant statute or rule applicable here, the court lacked power to grant counsel fees in this action as a sanction, and the award must be vacated.

We have examined the other points raised on this appeal and find them without merit. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Ellerin, JJ.