■ STEVEN G. SULLIVAN, Respondent, v GETTY PETROLEUM CORP., Appellant.—In an action, inter alia, for reformation of a lease and franchise agreement pursuant to General Business

Law § 199-c, the defendant appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated July 22, 1986, as, after a nonjury trial, awarded the plaintiff the sum of $10,000 as counsel fees.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's application for counsel fees is denied.

The plaintiff and Power Test Petroleum Distributors, Inc. (hereinafter Power Test) entered into a lease and franchise agreement in January 1985. The plaintiff leased a Power Test retail gasoline service station located in East Meadow, New York, for a term of one year at a base monthly rental of $2,200. The lease also required the plaintiff to purchase a minimum of 60,000 gallons of gasoline from Power Test per month, or failing that, to pay as additional rental, "an amount equal to three ($.03) cents per gallon" for the difference between the gallonage actually purchased and the minimum required gallonage. The parties simultaneously executed a retail dealer contract, whereby the plaintiff agreed to purchase all his gasoline and other products from Power Test.

In or about March 1986 the defendant Getty Petroleum Corp., successor in interest to Power Test, commenced a proceeding against the plaintiff in the District Court, Nassau County, First District, to recover the possession of the gasoline service station, alleging that the plaintiff had defaulted in the payment of his rent and was in arrears in the total sum of $21,547.20.

In response, the plaintiff commenced the instant action pursuant to General Business Law § 199-c. The plaintiff alleged, *inter alia,* that Power Test knew that the subject gasoline service station was not capable of generating a volume of sales in excess of 40,000 gallons of gasoline a month and engaged in fraud when it failed to disclose this information to the plaintiff pursuant to General Business Law § 199-b. The plaintiff sought, *inter alia,* reformation of the lease and franchise agreement and an award of counsel fees. Thereafter, a nonjury trial was held, and, at the close of all evidence, the court reached a decision in favor of the plaintiff. As one of its findings of fact, the court stated: "[T]he defendant made representations to the plaintiff as to the ability of the subject premises to be able to sell certain gallons of gasoline which were false and known to be false to the defendant in light of its knowledge of the impending construction and other factors then and there existing on the premises".

Based on this and other findings of fact, the court held, *inter alia,* that the lease and franchise agreement should be reformed to reflect 40,000 gallons as the minimum monthly gallonage required to be purchased by the plaintiff, and directed that the defendant pay the plaintiff reasonable counsel fees. Thereafter, by judgment dated July 22, 1986, the court awarded the plaintiff's attorney the sum of $10,000 in fees.

On the instant appeal, the defendant argues that it was improper for the court to award counsel fees.

We agree with the defendant's argument.

The mere fact that the plaintiff prevailed in the instant action and even demonstrated that Power Test engaged in fraudulent activity did not provide any basis for the court's award of counsel fees to the plaintiff *(see, Miss Susan v Enterprise & Century Undergarment Co.,* 270 App Div 747, *affd* 297 NY 512, *rearg denied* 297 NY 884).* It is the general rule that "attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or by court rule" *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *see also, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22). This rule is "based upon the high priority accorded free access to the courts and a desire to avoid placing barriers in the way of those desiring judicial redress of wrongs" *(Matter of A. G. Ship Maintenance Corp. v Lezak, supra,* at 5). It is undisputed that the lease and franchise agreement did not contain any provision allowing for an award of counsel fees under the circumstances at bar. Nor does the language of General Business Law § 199-c (4), namely, "the court may * * * grant such equitable relief as may be proper", provide a sufficient basis for an award of counsel fees to the prevailing plaintiff in the case at bar. Accordingly, the judgment must be reversed insofar as appealed from, and the plaintiff's application for counsel fees denied. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.