■ BURTON E. METZGER et al., Appellants, v WESTCHESTER COUNTY MEDICAL CENTER, Respondent.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated December 21, 1987, as denied their motion for an award of interest, costs and attorney's fees pursuant to CPLR 8303-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court denied as moot the plaintiffs' motion to enter judgment upon a settlement stipulation when the only portion of the settlement which had not yet been reduced to a judgment was paid prior to the return date of the motion. The plaintiffs do not challenge the propriety of that ruling. However, they contend that the Supreme Court erred in not awarding interest, costs and attorney's fees pursuant to CPLR 8303-a. We disagree.

Under the circumstances of this case, there was no statutory or case law basis for an award of either attorney's fees, costs or interest (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12). There was no judgment upon which interest could be ordered (see, CPLR 5003), and there was no frivolous claim made by the defendant (see, CPLR 8303-a). Accordingly, the Supreme Court properly declined to award costs, attorney's fees and interest. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.