■ 56TH STREET SWIM AND HEALTH CLUB, INC., Doing Business as PARC SWIM & HEALTH CLUB, Respondent, v 350 WEST 57TH STREET COMPANY et al., Defendants, and PARC VENDOME ASSOCIATES, LTD., Appellant.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered January 6, 1988, which denied the motion of defendant Parc Vendome Associates to reform or set aside a stipulation of settlement entered into with plaintiff, and granted plaintiff's cross motion for an order directing defendant to fully perform its legal obligations under the settlement agreement, and further directed that defendant pay plaintiff legal fees and expenses incurred in connection with this matter, unanimously modified, on the law, to delete the award of legal fees and expenses, and otherwise affirmed, without costs.

It was error for the court below to have granted plaintiff's motion for an award of legal fees and expenses against defendant. The Court of Appeals has stated clearly that even in the context of vexatious litigation, "the prevailing party may not collect [attorney's fees and disbursements] from the loser unless an award is authorized by agreement between the parties or by statute or court rule". (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986].)

Here, the settlement agreement between the parties specifically limits recovery of counsel fees to those matters connected with indemnification claims, involving membership contracts, contracts for swimming lessons, massages and locker storage which plaintiff health club had with its members. Nonetheless, the court below awarded legal fees to the plaintiff for expenses incurred in opposing defendant's motion to set aside the stipulation of settlement. Neither statute nor court rule, however, empowered the court to expand the scope of recovery to matters which were not contemplated by the parties' agreement.

Accordingly, the order of the court below is modified to delete the award of legal fees and expenses, and otherwise affirmed. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.