■ MARCUS GARVEY NURSING HOME, INC., Appellant, v DIANE CICCONE, Respondent.—In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 27, 1987, which granted the defendant's motion for summary judgment dismissing the complaint and imposed a sanction of $500 on the plaintiff.

Ordered that the order is modified, by deleting therefrom the provision imposing a sanction of $500 on the plaintiff; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Marcus Garvey Nursing Home, Inc., through its then-attorney, the defendant Diane Ciccone, negotiated and entered into a settlement with a nursing home patient who had commenced a personal injury action against it. Shortly thereafter, the plaintiff moved to set aside the settlement, arguing that it had revoked the defendant's authority to settle the lawsuit. A hearing was held, after which the Supreme Court rejected the plaintiff's contentions, concluding that the defendant's authority to settle had not been revoked.

Subsequently, the plaintiff commenced the instant action for legal malpractice, alleging that the defendant had impermissibly settled the personal injury action without authority to do so. The defendant moved for summary judgment, arguing that the Supreme Court's prior determination with regard to the identical issue of her authority to settle the personal injury action foreclosed further litigation with respect to that issue. The Supreme Court granted summary judgment to the defendant. We affirm the court's determination in this respect.

Although the plaintiff concedes that its complaint revives the issue of the defendant's lack of authority to settle the

personal injury action and that the Supreme Court's prior determination constitutes an estoppel with respect to the claim, it nevertheless argues that there are additional and different allegations in the complaint as to which no estoppel can be applied. We disagree.

A review of the factual allegations contained in the complaint clearly discloses that the legal theory of recovery advanced relies exclusively upon the alleged wrongdoing of the defendant in settling the lawsuit without authority. Moreover, while the plaintiff's counsel in opposing the defendant's motion asserted that a "multitude" of additional issues were raised in the lawsuit, his affirmation failed to recite a single factual allegation in the complaint supportive of his contention. Since the identity of the prior determination and presently asserted claim regarding lack of authority is undisputed, and since the plaintiff's opposition to the defendant's motion for summary judgment consists merely of conclusory assertions, the Supreme Court's granting of summary judgment to the defendant was proper.

We note, however, that the court erred in imposing a $500 sanction on the plaintiff, since at the time in question there was no statutory provision or court rule permitting the imposition of such a sanction (see, *Foxfire Enters. v Enterprise Holding Corp.,* 140 AD2d 581; see also, *Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1; *Ltown Ltd. Partnership v Sire Plan,* 69 NY2d 670).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.