Requestor: Ronald J. Briggs, Village Attorney Village of Lake Placid 301 Main Street Lake Placid, New York 12946
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a village may adopt a local law providing for the recovery of its attorneys' fees in actions where it is successful in enforcing its land use code.
Your letter notes that over the last few years there have been an increase in the number of violations of the Village of Lake Placid's land use code. This has required the village to commence actions in Supreme Court seeking injunctions and other remedies to compel compliance with the code. Even though the village has been successful in those actions, it has incurred legal fees in connection with the prosecutions. You ask whether the village may add a provision to its local law which allows it to recover attorney's fees from code violators who must be taken to court.
As a general rule, under the American legal system, unless there is a specific authorization by statute, contract or court rule, attorney's fees incurred in litigation may not be recovered by the prevailing party as part of damages or costs (Hall v Cole, 412 U.S. 1 [1973]; City of Buffalov J.W. Clement, Inc., 28 N.Y.2d 241, 262-263 [1971]). This is also the rule in New York; attorney's fees may not be recovered by the prevailing party in the absence of authorization by statute, contract or court rule (CPLR §§ 8101, et seq.; Matter of A.G. Ship Maintenance Corp. vLezak, 69 N.Y.2d 1, 5 [1986]; Mighty Midgets v Centennial Ins. Co.,47 N.Y.2d 12, 21-22 [1979]).
In A.G. Ship Maintenance (supra), the Court of Appeals addressed the inherent authority of New York courts to award prevailing parties attorney's fees. The Court concluded that the State Constitution delegates to the Legislature the authority to regulate practice and procedure in courts — including the authorization for an award of attorney's fees — and that the courts were without authority to award attorney's fees in the absence of legislative authorization (A.G.Ship Maintenance, supra, 69 N.Y.2d at p 5; N Y Const, Art VI, § 30). New York statutes allow the recovery of attorney's fees in certain situations such as matrimonial actions (Domestic Relations Law, §237) and certain frivolous lawsuits (CPLR §§ 8303, 8303-a), but there is no general authority for courts to make such awards.
Inasmuch as the authority for establishing entitlement to attorney's fees has been vested with the Legislature, we conclude that municipalities are without authority to enact local laws which allow for the recovery of attorney's fees incurred in code enforcement litigation. A municipality's home rule power gives it the authority to enact local laws relating to its property, affairs or government and in relation to other specified subjects; the establishment of rules of practice in the courts, however, concerns the Unified Court System, a branch of State government (A.G.Ship Maintenance, supra, 69 N.Y.2d at 5-6; NY Const, Art VI, § 30; Municipal Home Rule Law, § 11[1][e]; 1975 Op Atty Gen [Inf] 146). Therefore, the authority to regulate practice in the courts of the State, including authority to award attorney's fees, is not included in the grant of home rule power under the Constitution and the Municipal Home Rule Law (NY Const, Art IX, § 2; Municipal Home Rule Law, §10[1][i]).
We conclude that a village may not enact a local law which provides for the recovery of attorney's fees in zoning enforcement litigation.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.