*742 OPINION OF THE COURT
Daniel F. Luciano, J.
On October 13, 1993 the above-captioned matter was scheduled to proceed at 9:30 a.m. The successor conservator, Sylvia Kolkin Malamud, Esq., and the guardian ad litem, Michael P. Mercurio, Esq., were present and ready to proceed upon the call of the calendar. Michael A. Montesano, Esq., counsel for the petitioner, however, was almost two hours late in appearing, asserting that he was required to attend to another matter in the Suffolk County District Court.
Sylvia Kolkin Malamud, Esq. and Michael P. Mercurio, Esq. have each asserted that Michael A. Montesano, Esq.’s delay was costly to them because of their lost time, and emphasize the fact that Michael A. Montesano, Esq. was two hours late for another court appearance in this matter on June 10, 1993. Complaint is also made of his failure to advise of an adjournment of a hearing scheduled for May 26, 1993.
On October 13, 1993 the court granted permission to the attorneys herein to offer written argument with respect to the oral application by Sylvia Kolkin Malamud, Esq. and Michael P. Mercurio, Esq. for costs to be imposed upon Michael A. Montesano, Esq. The court is in receipt of the following letters incorporating relevant argument: from Michael P. Mercurio, Esq., dated October 19, 1993; from Sylvia Kolkin Malamud, Esq., dated October 25, 1993, and from Michael A. Montesano, Esq., dated October 27, 1993.
Before any assessment of costs can be made, a threshold issue must be considered which is whether part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) empowers the court to assess costs under the present circumstances.
The attorneys have put in issue the question of whether costs may be imposed pursuant to the procedure employed herein.
Section 130-1.1 (d) of the Rules of the Chief Administrator provides: "An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court’s own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.”
Upon consideration of this provision the court concludes *743 that there is no procedural obstacle to an imposition of costs under part 130 of the Rules of the Chief Administrator.
Here, the conduct complained of occurred in court. It is a circumstance in which the proceeding to consider the imposition of costs could have been commenced on the court’s own initiative. The fact that the court imposed another layer of procedural protection to Michael A. Montesano, Esq. by requiring a written application by the other attorneys, albeit without requiring a formal notice of motion, is not a circumstance of which Michael A. Montesano, Esq. can legitimately complain. He has been deprived of no required notice with respect to this matter.
Moreover, it is the court’s conclusion that allowing each of the attorneys to submit written argument, under the circumstances of this case, complies with the requirement that there be "a reasonable opportunity to be heard.”
The next question to be considered is whether the complained of conduct is sanctionable under part 130 of the Rules of the Chief Administrator.
Section 130-1.1 (a) of the Rules of the Chief Administrator sets forth when costs or financial sanctions are authorized. It states, in part: "The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part”.
The key to the question of whether costs may be imposed in this instance, therefore, is the definition of "frivolous conduct”.
Section 130-1.1 (c) provides, in relevant part:
"For purposes of this Part, conduct is frivolous if:
"(1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; or
"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another.”
Plainly, subdivision (1) which concerns the assertion of a *744 legal or factual argument in litigation has no application to the present situation.
It is subdivision (2) which might arguably apply. Upon close examination, however, the court concludes that this subdivision also fails to authorize the assessment of costs as sought by Sylvia Kolkin Malamud, Esq. and Michael P. Mercurio, Esq.
Based upon the proceedings before the court and the letters of the attorneys presently under consideration, the court is able to conclude that Michael A. Montesano’s conduct was careless and discourteous. The court, however, is unable to conclude that such conduct was undertaken for the purpose of delaying or prolonging this proceeding, or engaged in with an intent to harass or maliciously injure Sylvia Kolkin Malamud, Esq. or Michael P. Mercurio, Esq.
Part 130 of the Rules of the Chief Administrator does not authorize an award of costs or financial sanctions for inconsiderate behavior which is the consequence of simple negligence, or lack of foresight. As this case illustrates, however, amendment of part 130 of the Rules of the Chief Administrator to expand the definition of frivolous conduct to cover such a situation may be warranted.
The court notes that it would not be appropriate to impose costs or financial sanctions upon Michael A. Montesano, Esq. pursuant to any "inherent” power of the court (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1).
Accordingly, notwithstanding that the court disapproves of the conduct of Michael A. Montesano, Esq., herein, and that it takes this opportunity to specifically advise him that such conduct should be avoided in the interest of the efficient operation of the court system and as a matter of professional courtesy, it is
Ordered that the application for the imposition of costs or financial sanctions against Michael A. Montesano, Esq. in the above-captioned matter is denied.