OPINION OF THE COURT
John S. Lockman, J.
This motion by plaintiff to vacate a judgment awarded in the State of Florida and entered in New York pursuant to CPLR article 54 is denied.
Plaintiffs, residents of the State of New York, unsuccessfully prosecuted a personal injury action in the State of Florida. Pursuant to a Florida statute designed to encourage settlements in personal injury suits, a plaintiff who refuses a settlement offer and thereafter loses on liability or secures a jury verdict which is at least 25% less than the refused offer, will be held liable for defendant’s attorney’s fees. The statute also provides that a defendant who refuses a plaintiff’s demand for settlement will be liable for the plaintiff’s attorney’s fees if the plaintiff recovers a verdict for 25% more than the demand (Fla Stat Annot, tit 45, § 768.79 [1990]). Thus, under the statute both plaintiffs and defendants risk liability for attorney’s fees by refusing offers or demands based upon a reasonable assessment of the injuries and liability, as well as the skill of counsel which is a factor in all settlement decisions.
Here, plaintiffs lost on liability. Attorney’s fees were awarded to the defendant. Plaintiffs appealed that award and lost, and additional attorney’s fees were awarded for the appeal.
Defendant entered the Florida judgment for attorney’s fees in New York, and plaintiff here seeks to have the judgment vacated. Plaintiffs’ application is premised upon the grounds that the Florida statute is penal in nature and offends the public policy of New York. Therefore, plaintiffs argue, New York should withhold full faith and credit from the Florida judgment.
*499 The purpose of the Full Faith and Credit Clause is to avoid conflicts engendered where two or more States exercise their power over the same case or controversy (Underwriters Natl. Assur. Co. v North Carolina Life, 455 US 691, 704). The doctrine requires that " 'the public Acts, Records, and judicial Proceedings of [each] State’ ” shall be given " 'Full Faith and Credit * * * [in] every other State’ (U. S. Const., Art. IV, § 1)” (Matter of Farmland Dairies v Barber, 65 NY2d 51). If the foreign court had jurisdiction to render judgment, a sister State "must give it the same credit, validity and effect as it has in the State which rendered it and this is so even though suit could not have been maintained on the cause of action in the forum State (see, e.g., Parker v Hoefer, supra [Vermont judgment for alienation of affections]) or the judgment is based upon a mistake of law (see, e.g., Fauntleroy v Lum, 210 US 230 [action on gambling debt]).” (Matter of Farmland Dairies v Barber, supra, at 55.)
Plaintiffs are correct in their assertion that full faith and credit need not be accorded to penal laws. However, the Florida statute which provides for attorney’s fees is not criminal in nature and does not result in a criminal judgment. Plaintiffs’ attempt to broaden the penal exception to the full faith and credit mandate to civil awards of attorney’s fees takes this exception beyond its intended boundaries. The general proposition is that criminal judgments are not entitled to full faith and credit because no State is bound to enforce the penal laws of another State or to punish a person for a wrong committed against it (see, Nelson v George, 399 US 224).
Plaintiff’s public policy argument too must fail. The public policy of New York, with a few exceptions, does not support a requirement for unsuccessful litigants to pay the winner’s attorney’s fees. This policy "reflects a fundamental legislative policy decision that * * * it is undesirable to discourage submission of grievances to judicial determination and that, in providing freer and more equal access to the courts, the present system promotes democratic and libertarian principles” (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 22). However, the prevailing party may collect from the loser if "an award is authorized by agreement between the parties or by statute or court rule” (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). Under the public policy exception, foreign law will not be enforced when it would " 'violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common *500 weal’ ” (Cooney v Osgood Mach., 81 NY2d 66, 78, quoting Loucks v Standard Oil Co., 224 NY 99, 111 [Cardozo, J.]).
The question presented here is whether the Florida statute offends fundamental principles of justice or deep-rooted traditions of New York law. As noted, the general rule is that attorney’s fees and disbursements are incidents of litigation and the prevailing party may not collect them from a loser unless provided for by statute or court rule (Matter of A. G. Ship Maintenance Corp. v Lezak, supra). The Florida law is supported by statute, albeit a Florida statute. Moreover, the Florida statute is supported by the public policy interest of promoting settlement by both plaintiffs and defendants where reasonable demands or offers are made. Recognizing the substantial efforts the trial courts devote to settling personal injury cases, it cannot be gainsaid that the goal is one which New York would approve. The only question is whether it discourages a litigant from coming to court. The Florida statute in relevant part reads as follows:
"(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff’s award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
"(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
"(a) Be in writing and state that it is being made pursuant to this section.
"(b) Name the party making it and the party to whom it is being made.
*501 "(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
"(d) State its total amount.
"The offer shall be construed as including all damages which may be awarded in a final judgment.
"(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
"(4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.
"(5) An offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void * * *
"(7) (a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.” (Fla Stat Annot, tit 45, § 768.79.)
The court concludes that the foregoing statute does not discourage litigation. Rather, it discourages a plaintiff who receives a reasonable offer from pursuing the case to trial unless the litigant’s refusal to settle is based upon a reliable assessment that the jury is likely to render a plaintiff’s verdict which will not be more than 25% lower than the offer. A defendant cannot refuse a reasonable demand unless the defendant too is reasonably certain that a jury will render a defendant’s verdict or a plaintiff’s verdict which is not more than 25% higher than the demand. In short, the Florida statute encourages reasonable settlements, discourages unreasonable demands and discourages unreasonable refusals to meet an offer. It does not discourage access to the courthouse and, thus, does not offend the public policy of New York.