Amended order and judgment (one paper), Supreme Court, New York County (Bernard J. Fried, J.), entered on or about June 12, 2012, which, to the extent appealed from as limited by the briefs, awarded attorney’s fees to defendants/cross claim plaintiffs Kent M. Swig and FTI Consulting Inc. (FTI), unanimously modified, on the law, to the extent of vacating the award of fees to FTI, and otherwise affirmed, without costs.
The indemnification clause at issue provides for coverage of extremely broad claims, and is consistent with other clauses that have been held to provide for indemnification of attorney’s fees for intra-party disputes (see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645 [1st Dept 2013]; cf. Hooper Assoc. v AGS Computers, 74 NY2d 487 [1989]). Thus, cross claim plaintiff Swig, a party to the agreement, was entitled to the award of attorney’s fees. However, because Swig’s obligation to reimburse FTI for its fees is not covered under the agreement, and FTI itself claims no right to fees directly under that agreement, the award of attorney’s fees to FTI was error (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1 [1986]). Concur — Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.