Wolf v Vestra SPV3, LLC (2024 NY Slip Op 06232)

Wolf v Vestra SPV3, LLC

2024 NY Slip Op 06232

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-10477
 (Index No. 607020/22)

[*1]Elizabeth Wolf, respondent,
v
Vestra SPV3, LLC, appellant.

Fryman P.C., Valley Stream, NY (David J. Fryman and Sarah Morrissey Ratner of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for breach of contract, commenced by motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, the defendant appeals from a money judgment of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered February 1, 2023. The money judgment, upon an order of the same court entered October 21, 2022, granting that branch of the plaintiff's motion which was for an award of attorneys' fees, is in favor of the plaintiff and against the defendant in the sum of $15,293.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the money judgment (see CPLR 5520[c]); and it is further,
ORDERED that the money judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was for an award of attorneys' fees is denied, and the order is modified accordingly.
In 2019, the plaintiff and the defendant entered into a contract that provided, inter alia, that the defendant would purchase the plaintiff's membership interest in a certain company in the event that the plaintiff's employment with that company was terminated for any reason. The plaintiff commenced this action to recover damages for breach of that contract, by motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, alleging that the defendant refused to purchase her membership interest after her employment was terminated, and also sought an award of attorneys' fees. In an order entered October 21, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for an award of attorneys' fees and directed the plaintiff to submit a money judgment consistent with the order. Subsequently, a money judgment was entered on February 1, 2023, upon the order, in favor of the plaintiff and against the defendant in the sum of $15,293, representing the award of attorneys' fees. The defendant appeals.
"New York follows the general rule that attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute, or court rule" (WFB Realty, LLC v R & W Brokerage, Inc., 219 AD3d 1469, 1469 [internal quotation marks omitted]; see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). "It is not uncommon, however, for parties to a contract to include a promise by one party to hold the other harmless for a particular loss or damage and counsel fees are but another form [*2]of damage which may be indemnified in this way" (Giannakopoulos v Figame Realty Mgt., 219 AD3d 803, 805 [internal quotation marks omitted]). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (id. [internal quotation marks omitted]).
Here, the contract did not provide for the recovery of attorneys' fees that resulted from the instant litigation, and the plaintiff failed to establish that a statute or court rule would entitle her to an award of attorneys' fees. Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of attorneys' fees (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 492; Giannakopoulos v Fiagme Realty Mgt., 219 AD3d at 806).
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court