**Ancoris Sec. LLC v Hardee Fresh LLC**

2025 NY Slip Op 32049(U)

June 9, 2025

Supreme Court, New York County

Docket Number: Index No. 653931/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

---------------------------------------------------------------------X

| | |
|---|---|
| ANCORIS SECURITIES LLC, ANCORIS CAPITAL PARTNERS LLC | **INDEX NO.**   653931/2024 |
| Plaintiffs, | **MOTION DATE**   05/05/2025 |
| - v - | **MOTION SEQ. NO.**   002 |
| HARDEE FRESH LLC, | **DECISION + ORDER ON MOTION** |
| Defendant. | |

---------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39–114 were read on this motion to/for JUDGMENT – DEFAULT.

This case arises from a letter agreement ("Agreement") entered into by Plaintiffs Ancoris Securities LLC ("AS") and Ancoris Capital Partners LLC ("ACP") (collectively "Plaintiffs") and Defendant Hardee Fresh LLC ("Defendant") effective September 19, 2022.  NYSCEF Doc. No. 90.  Plaintiffs are Delaware limited liability companies with their principal offices in New York, NY.  NYSCEF Doc. No. 47 at ¶ 9 ("Am. Compl.").  AS is a wholly owned subsidiary of ACP.  *Id*. Defendant is a Florida limited liability company with its principal office in Wauchula, Florida.  *Id*. at ¶ 10; *see also* NYSCEF Doc. No. 49 at ¶ 10 ("Answer").

## Relevant Factual[1] and Procedural History

Pursuant to the Agreement, Defendant retained Plaintiffs as its "exclusive financial advisor and/or placement agent … in connection with any proposals for a private placement of equity, equity-linked or debt securities including, without limitation, any convertible securities, preferred stock, unsecured, non-senior or subordinated debt securities, and/or senior notes or bank debt (any of all of which being 'Securities')."  Agreement at 1.  The scope of services Plaintiffs were to provide included, *inter alia*: (a) familiarizing itself with Defendant's financial condition, business, and business plan; (b) identifying potential investors, acquirers, and lenders and soliciting their interest regarding a Transaction; (c) assisting Defendant in correspondence and negotiation with such investors, acquirers, and lenders; and (d) providing other financial advisory and investment banking advice as agreed upon between Plaintiffs and Defendant.  *Id*. at § 1.  The parties further agreed that Plaintiffs would assist Defendant in preparing marketing materials with respect to any private placement of securities.  *Id*.

---

[1] The facts are taken from the Amended Complaint and the exhibits thereto and are accepted as true for purposes of this Motion.

**653931/2024   ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC**                                              **Page 1 of 7**
**Motion No.  002**

1 of 7

As compensation for these services, Defendant agreed to pay to AS a cash placement fee ("Placement Fee") equal to the greater of (a) $1,500,000 or (b) the sum of (i) 6% of the Gross Proceeds[2] related to the placement of any equity or equity linked securities ("Equity Securities"); (ii) 3.5% of the Gross Proceeds related to the placement of any unsecured, non-senior and subordinated debt securities ("Mezzanine Debt Securities"); and 2% of the Gross Proceeds relating to the placement of senior debt and/or bank debt ("Senior Debt Securities"). *Id*. at § 2(b). The Placement Fee was payable "upon the purchase of any Equity Securities and/or Mezzanine Debt Securities by the investors and shall be paid at the closing of each sale of the Securities" and "upon the commitment of the Senior Debt Securities." *Id*. at § 2. The Agreement further stated that if Defendant had not fully "drawn upon the total capital commitments at the closing of the first Transaction," the Placement Fee payable to Plaintiffs was not to be lower than $1,500,000. *Id*. Defendant also agreed to reimburse Plaintiffs for any reasonable expense incurred in connection with the Agreement, regardless of whether a transaction was consummated. *Id*.

The parties agreed to a provision which provided that, should a transaction be consummated by Defendant because of Plaintiffs' engagement[3], the Placement Fee would still be payable to AS if a transaction occurred within 12 months of the expiration or termination of the Agreement.[4] *Id*.

Plaintiffs allege that upon completion of their services under the Agreement, Defendant refused and failed to pay the Placement Fee. Am. Compl. at ¶ 36. According to the Amended Complaint, in 2023, Defendant obtained a $56 million bridge loan from X-Caliber Rural Capital (the "XRC Financing") and sold equity securities and/or debt to Magnetar for at least $1,750,000 (the "Magnetar Financing"). *Id*. at ¶ 4. In July 2024, Defendant informed Plaintiffs that Defendant had also sold debt securities to Growth Lending for $42,580,000 (the "Growth Lending Financing"). *Id*. at ¶ 5. Defendant never paid AS the Placement Fee in connection with the XRC Financing, the Magnetar Financing, nor the Growth Lending Financing and never reimbursed Plaintiffs for their reasonable expenses in connection with the Agreement. *Id*. at ¶ 7.

On August 5, 2024, Plaintiffs commenced the current action by filing the Summons with Notice and serving Defendant on August 6, 2024. NYSCEF Doc. No. 41 ("Summons"); 42 ("Aff. of Service"). Defendant was served with the Complaint on September 10, 2024, (NYSCEF Doc. Nos. 45 ("Compl."), 46 ("Compl. Filing Confirm.")) and then an Amended Complaint on October 11, 2024 (NYSCEF Doc. Nos. 47 ("Am. Compl."), 48 ("Am. Compl. Filing Confirm.")). The Amended Complaint seeks: (i) monetary damages in an amount to be determined at trial, but in no event less than $2,734,050 plus any additional Placement Fee that is or becomes due to Plaintiffs; (ii) reimbursement of all of Plaintiffs attorneys' fees and other costs and expenses it has incurred

---

[2] "Gross Proceeds" means "(a) with respect to Equity Securities or Mezzanine Debt Securities, the cash consideration received by the Company in connection with the Transaction and (b) with respect to Senior Debt Securities, the principal amount of committed Senior Debt Securities sold, regardless of whether fully drawn at closing of the Transaction." Agreement at § 2.

[3] The provision defines engagement as: (1) Plaintiffs identifying or contacting third-parties; (2) Plaintiffs or Defendant having discussions with third-parties regarding a potential transaction during the term of the agreement; or (3) third-parties reviewing marketing or written materials prepared by Plaintiffs. Agreement at § 2.

[4] The Agreement was for a term of twelve (12) months, afterwards the Agreement would automatically extend on a month-to-month basis until either party provided written notice of termination thirty (30) days in advance of the termination date. Agreement at § 1. The Agreement commenced September 19, 2022, and was terminated *via* notice on August 12, 2024, by Defendant. Am. Compl. at ¶¶ 1, 38.

653931/2024   ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC                    Page 2 of 7
Motion No.   002

2 of 7

and will incur in connection with this action; (iii) and award of pre- and post-judgment interest; and (iv) any other and further relief as the Court deems just and proper. Am. Compl. at 12.

On November 7, 2024, Defendant filed its Answer, Affirmative Defenses, and Counterclaims alleging that AS is not entitled to the Placement Fee nor the damages they are seeking. Answer at ¶ 21A[5]. Defendant alleged that: (1) Plaintiffs were not involved with the sourcing, arranging, or finalizing of the XRC Financing, Magnetar Financing, or Growth Lending Financing: (2) the XRC Financing and Magnetar Financing were in place before the Agreement; and (3) the Growth Lending Financing is not defined under the term Transaction. *Id*. at ¶¶ 27–28A. Additionally, Defendant asserted a breach of contract claim for Plaintiffs failure to perform their responsibilities under the Agreement. *Id*. at ¶¶ 37–38A.

The Answer demanded relief in the form of: (i) compensatory damages in an amount to be determined at trial, together with pre- and post-judgment interest; (ii) striking Defendant's payments made to Plaintiffs in excess of what it was legally entitled to collect; (iii) declaring that Plaintiffs are not entitled to fees for its representation of Defendant because Plaintiffs engaged in misconduct including breaching its contractual obligations; (iv) awarding Counterclaim-Plaintiff punitive damages in a sum to be determined at trial; (v) awarding Counterclaim-Plaintiff attorneys' fees and costs of suit herein; and (vi) such other and further relief as the Court deems just and proper. Answer at 19–20.

On February 27, 2025, Counsel for Defendant, Rishi Bhandari, *Esq*., sought to be relieved as counsel citing lack of payment by Defendant. NYSCEF Doc. No. 26 ("Aff. of Rishi Bhandari, *Esq*."). On March 19, 2025, the Court granted Counselor Bhandari's motion to be relieved. NYSCEF Doc. Nos. 31, 52. The Court further ordered that: (1) Counselor Bhandari serve a copy of the Court's Decision and Order on Defendant within five (5) days of entry upon Defendant; and (2) that the Defendant and/or Defendant's new counsel appear for a virtual Status Conference on April 22, 2025. NYSCEF Doc. Nos. 31, 52. Despite being served and informed of the April 22 Conference, Defendant did not appear as directed in the Order nor did Defendant retain new counsel. NYSCEF Doc. No. 53 at 1; NYSCEF Doc. No. 54. At the April 22 Conference, Plaintiffs' counsel stated that they had not been in contact with Defendant or Defendant's new counsel, if any. NYSCEF Doc. No. 55 at 2:12–2:15 ("04/22/25 Tr."). The Court, subsequently, granted Plaintiffs leave to file the present motion. *Id.* at 3:12–3:17.[6] To date, Defendant has not re-appeared, has not retained new counsel that has filed a Notice of Appearance, and has not opposed the present motion.

## Legal Analysis

*Default Judgment*

Default judgment is appropriate where, as here, "a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." CPLR §

---

[5] The "A" indicates that the Court is referring to the paragraphs in the Counterclaims of the Answer.
[6] The Court further directed Plaintiffs to serve a copy of the 04/22/25 Tr. on Defendant. *Id.* at 4:7–4:9.

**653931/2024 ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC**          **Page 3 of 7**
**Motion No. 002**

[* 3]

3215(a). CPLR § 3215(f) requires that the movant seeking default judgment file: (1) proof of service of the summons and complaint or, alternatively, notice pursuant to CPLR § 305(b); (2) proof of the claim(s) along with any amount due; and (3) proof of default. Further:

> When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment.

CPLR § 3215(g)(4)(i).

When a defendant does not appear "at any scheduled call of a calendar or at any conference," the court "may note the default on the record" and "grant judgment by default or order an inquest." 22 NYCRR § 202.27. Initially, Defendant appeared before the Court and litigated; however, following withdrawal of Defendant's counsel and despite a thirty-day stay of this proceeding, Defendant has not engaged new counsel. Defendant did not otherwise appear at the April 22, 2025 conference as directed by the Court. Additionally, Plaintiffs filed an Affirmation of Service of Plaintiffs' Motion for a Default Judgment on May 5, 2025, more than 20 days before a judgment has been rendered and therefore Defendant is on notice of the instant motion. NYSCEF Doc. No. 111. The Court further observes that because corporations may not proceed *pro se*, *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011), Defendant cannot proceed in this action without counsel.

There is no dispute that Plaintiff effectuated proper service upon Defendant in this action as Defendant filed an Answer consenting to jurisdiction and venue. Answer at ¶¶ 16–17A (consenting to jurisdiction and venue). Plaintiffs filed an Affirmation of Service of the Summons with Notice establishing that it served Defendant in accordance with CPLR § 305(b). Aff. of Service[7]; Summons. The Affirmation of Service establishes that service was effectuated on August 6, 2024, *via* U.S. mail service to 1340 US Highway 17 North, Wauchula, Florida 33873. Aff. of Service at ¶ 2. Service is in accordance with Section 12 of the Agreement which mandates that service by mail to such address shall be effective service. Agreement at § 12; *Astraea NYNY LLC v. Ganley*, 186 N.Y.S.3d 162 (1st Dept. 2023) (finding service was proper where "defendant was served at the address he provided in the loan agreements and served in the manner stated in those agreements").

Plaintiffs submit an Affirmation of Heather Smith, Co-Founder and Managing Partner of Plaintiffs, which sets forth the proof of claims and the amount due. NYSCEF Doc. No. 89 ("Smith Aff."). The Smith Affirmation establishes the facts constituting the claim and entitles Plaintiffs to relief. *See Woodson v. Mendon Leasing Corp.*, 100 N.Y.2d 62 (2003) ("the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists"). Plaintiffs also submit: (1) the underling Agreement; (2) evidence of the XRC Financing,

---

[7] After initially joining the action, Defendant was subsequently served with the Amended Complaint *via* NYSCEF. NYSCEF Doc. No. 48.

**653931/2024 ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC** **Page 4 of 7**
**Motion No. 002**

4 of 7

Magnetar Financing, and Growth Lending Financing Agreements; and (3) an invoice from Plaintiffs to Defendant. NYSCEF Doc. Nos. 57–76; Agreement.

Accordingly, the Court determines that Defendant is in default pursuant to CPLR § 3215(f).

*Striking Defendant's Breach of Contract Counterclaim*

Plaintiffs seek to strike Defendant's breach of contract counterclaim: (1) pursuant to Defendant's default; and (2) for failure to state a claim. "A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit." CPLR § 3211(b). Defendant's counterclaim alleges that Plaintiffs breached their contract by failing to identify potential investors or any "meaningful information about its outreach to potential investors" to Defendant. Answer at ¶¶ 36–38A. However, Plaintiffs argue that the Agreement contains provisions indicating the Agreement was "the entire understanding of the parties" and that Plaintiffs did not assume "any duties or obligations other than those expressly set forth" in the Agreement. Agreement at §§ 8, 12.

> Courts and commentators addressing the substantive and procedural aspects of New York commercial litigation agree that the purpose of a general merger provision, typically containing the language… that it 'represents the entire understanding between the parties,' is to require full application of the parol evidence rule in order to bar the introduction of extrinsic evidence to vary or contradict the terms of the writing.

*Primex Intern. Corp. v. Wal-Mart Stores, Inc.*, 679 N.E.2d 624, 627 (N.Y. 1997). Plaintiffs argue that the contract, which constitutes the complete understanding of the parties, does not require Plaintiffs to identify to Defendant potential investors or meaningful information regarding its outreach. NYSCEF Doc. No. 110 at 27–28. Furthermore, the Agreement specifically states that Plaintiffs did not assume any additional duties or obligations. Agreement at § 8. Upon reviewing the Agreement, the Court agrees. While the Agreement requires Plaintiffs to "identify" potential investors, nowhere does it require that the Plaintiffs were required to provide this information to Defendant. Thus, Defendant's counterclaim for breach of contract fails as a matter of law.

*Attorneys' Fees and Costs*

Plaintiffs further seek an award of attorneys' fees and costs pursuant to the Agreement, which provides:

> In the event that Ancoris, or its affiliates… become(s) involved in any capacity in any action, claim, suit, proceeding or investigation, actual or threatened… brought by any Person, including, without limitation, the [Defendant]… arising out of or otherwise relating to the Agreement, the engagement thereunder or any other matter referred to in the engagement thereunder… the [Defendant] will reimburse such Indemnified Party promptly upon request for all of its legal and other expenses (including, without limitation, any attorneys' fees, expenses, and other expenses of any

**653931/2024  ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC**
**Motion No. 002**

**Page 5 of 7**

5 of 7

investigation of, preparation for, participation in responding to or providing evidence in, any such Action or enforcing the terms of the Agreement) incurred in connection therewith as such expenses are incurred.

Agreement at 8. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *A.G. Ship Maint. Corp. v. Lezak*, 503 N.E.2d 681, 683 (N.Y. 1986). Here, the parties contracted to hold Defendant liable for Plaintiffs' attorneys' fees and costs. Plaintiffs aver that they have incurred $794,661 in legal fees. NYSCEF Doc. No. 110 at 25–26. Plaintiffs further state that these fees are comprised of: (1) the minimum retainer fee ($25,000); (2) a 30% contingency fee on the $2,155,350 in damages and $322,027 in pre-judgment interest ($743,213.10); and (3) litigation expenses paid by Plaintiffs ($26,448). *Id*. In support of their application, Plaintiffs submit: (1) invoices from Plaintiffs' counsel to Plaintiffs; and (2) invoices from a third-party relating to discovery. NYSCEF Doc. Nos. 77–88, 113. The Court determines that Plaintiffs are properly due attorneys' fees and costs under the Agreement.

However, Plaintiffs have not provided sufficient evidence to allow the Court to determine the reasonableness of Plaintiffs' request. "[A]n award of attorneys' fees pursuant to a contractual provision is only enforceable if the amount of fees requested is 'reasonable and warranted for the services actually rendered.'" *The Park Union Condominium v. 910 Union Street, LLC*, 2017 WL 5725503, at *3 (N.Y. Cnty. Sup. Ct. 2017) (quoting *Kamco Supply Corp. v. Annex Contracting Inc.*, 689 N.Y.S.2d 189 (2d Dept. 1999). "The relevant factors in the determination of the value of legal services are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved." *Jordan v. Freeman*, 336 N.Y.S.2d 671, 671 (1st Dept. 1972). Plaintiffs have not provided attorney affirmation(s) to permit a determination as to whether the amount sought for attorneys' fees is reasonable. Accordingly, while the award of attorneys' fees is granted, the amount shall be determined after supplemental briefing.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Default Judgment, pursuant to CPLR § 3215, is GRANTED; and it is further

**ORDERED** that Defendant's Counterclaim for breach of contract is stricken in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall enter a judgment in favor of Plaintiffs Ancoris Securities LLC and Ancoris Capital Partners LLC and against Defendant Hardee Fresh LLC in the amount of $2,155,350, plus pre-judgment and post-judgment interest at the rate of 9% per annum on this (i) from January 26, 2023 (the date the XRC Financing closed and Plaintiffs' Placement Fee in connection with this Transaction became due) on $1,120,000 of this amount; (ii) from November 22, 2023 (the last closing date of the Magnetar Financing when Plaintiffs' Placement Fee in connection with this Transaction became due) on $165,000 of this amount; (iii) from July 12, 2024 (the date the Growth Lending Financing closed and Plaintiffs' Placement Fee in

653931/2024  ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC  **Page 6 of 7**
Motion No.  002

[* 6]

connection with this Transaction became due) on $851,600 of this amount; and (iv) from June 27, 2024 (the date Plaintiffs invoiced their Engagement Expenses and Defendant's reimbursement of such amount became due) on $18,750 of this amount, as calculated by the Clerk of the Court and upon Plaintiff's e-filing of a proposed judgment directed to the County Clerk; and it is further

**ORDERED** that Plaintiffs shall provide the Court with attorney affirmation(s) on notice to Defendant, not exceeding five (5) pages, that sets forth the reasonableness for (i) $768,213 for reimbursement of attorneys' fees in connection with this litigation pursuant to Schedule I of the Agreement; and (ii) $26,448 for reimbursement of expenses incurred in this litigation pursuant to Schedule I of the Agreement, within seven (7) days of the entry of this Decision and Order, and Defendant may file a five (5) page letter in opposition within seven (7) days of Plaintiffs filings its submissions; and it is further

**ORDERED** that if Plaintiffs fails to timely file their submission, Plaintiffs shall be deemed to have waived its claims for attorneys' fees; and it is further

**ORDERED** that within five (5) days of entry of this Decision and Order, Plaintiffs shall serve upon Defendant a copy of this Decision and Order with notice of entry on Defendant by registered mail at its last-known address and email address (if known).

The foregoing constitutes the Decision and Order of this Court.

| **June 9, 2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653931/2024   ANCORIS SECURITIES LLC ET AL vs. HARDEE FRESH LLC**
**Motion No.  002**

**Page 7 of 7**

7 of 7